The People, etc., for use of Adolphus Busch & Co.

*v.*

Matthew S. McCormack *et al.*

1. Pleading—*plea must answer all it professes.* It is a rule of pleading well settled, that a plea must answer all that it professes to answer. If it professes to answer the whole declaration, but answers only a part of it, as, for instance, one count, it is insufficient. It must answer all that it assumes to do in the introductory part, and no more.

2. Thus, where a declaration contained four counts, pleas to the whole declaration, which failed to answer one of the counts, was held bad on general demurrer.

Appeal from the Circuit Court of Randolph county; the Hon. Silas L. Bryan, Judge, presiding.

This was an action of debt, upon the official bond of Matthew S. McCormack, as sheriff, against him and his sureties   A general demurrer was overruled to defendants' pleas, and the plaintiffs abiding by their demurrer, bring the cause to this court by appeal.

Mr. Thomas G. Allen, Mr. Harvey Neville, and Mr. Shepard Barclay, for the appellants.

Mr J. Perry Johnson, and Mr. Wm. Hartzell, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, commenced in the circuit court of Randolph county, by appellants against Matthew S. McCormack et al., on the official bond of McCormack as sheriff of Randolph county.

The declaration contains four counts.

The first count alleges that plaintiffs, Adolphus Busch & Co., having recovered a judgment in the Randolph circuit court on April 21, 1868, against one Lisch, for $630, on February 24th, 1869, an execution issued thereon, directed to the then sheriff, McCormack, and that in virtue thereof, he on the same date levied on certain specified goods and chattels belonging to said Lisch, defendant in execution, and worth more than $1000; but he neglected to expose for sale and sell the said goods and chattels until after the return day of the execution, and has never yet done so, and in consequence of which, Busch & Co. have not realized or been paid their aforesaid judgment or any part thereof.

The second count, after setting forth substantially the same facts in reference to the recovery against Lisch, and the issue of a fieri facias thereon, and the levy thereunder, alleges further that the said McCormack carelessly and negligently permitted the goods and chattels levied upon to be removed and wholly lost and destroyed; and in consequence thereof, Busch & Co. lost the amount of their debt, damages and costs recovered.

The third count, after alleging the recovery of judgment against Lisch, the issue of an execution thereon and the levy thereunder, substantially as stated in the first count, proceeds to set forth the averments of plaintiffs, that said McCormack wilfully, carelessly and negligently omitted to sell said goods and chattels, or to make any legal return of the writ of execution; by reason whereof, Busch & Co. have been deprived of the benefit of the levy, and have not been paid their recovery against said Lisch.

The fourth count makes the same allegations, in substance, respecting the judgment and execution against Lisch, and the levy thereunder by McCormack, and then sets forth that he, the said sheriff, McCormack, disregarding the command of the execution, carelessly and negligently failed to return the same into the clerk's office of the said circuit court, within ninety days from the date of said execution, but, regardless of his duty as sheriff, and in violation thereof, kept the said execution in his possession until the 29th of October, A. D. 1870, which said conduct, plaintiffs aver, was a breach of the condition of his official bond, etc.

The first plea avers that defendants ought not to be charged with the said debt because, prior to the judgment obtained by the plaintiffs against said Lisch, and prior to the several executions mentioned, all the lands and tenements of said Lisch had become mortgaged to one Thomas Fulford, and all the goods and chattels of said Lisch had long before that time (on January 1st, 1866,) been conveyed by chattel mortgage to one Grah, to secure an indebtedness from said Lisch to said Grah, under and by virtue of which said chattel mortgage all the goods and chattels of said Lisch that were subject to levy and sale by execution were sold, and purchased by said Grah, by virtue of which chattel mortgage and the sale thereunder, the goods and chattels mentioned in the declaration became and were the property of said Grah, and were not the property of said Lisch, nor subject to the said several executions against Lisch or any of them in plaintiff's declaration mentioned. And that Grah was, at the time of recovery of said judgment, and at the time of the said levy, the absolute owner of the goods and chattels mentioned in the declaration, and that Lisch was not at that time, nor since, the owner of them or any part of them.

The second plea avers that, before the obtaining of the said judgment, and the suing out of the said execution, and the breaches mentioned in the declaration, to-wit: January 1, 1867, and before the said levy, the ownership and right of

possession of the said goods and chattels were in Grah, under and by virtue of purchase at a sale under a chattel mortgage, and that said Lisch had no right or title in or to said goods and chattels, or any of them. And, after the said levy, viz: on the 29th of October, 1870, the said Grah caused a notice of claim of property to be served on said McCormack, as sheriff, claiming said goods and chattels as the property of him (said Grah), and in pursuance of which notice McCormack, on the 29th of October, 1870, proceeded to impannel a jury and try the right to said property in pursuance of the statute, and the said jury found the title to the said goods and chattels to be in said Grah, claimant, wherefore McCormack did not expose the said goods and chattels for sale, the said Lisch (defendant in execution) having no property or right therein, said Grah being the absolute owner and entitled to the possession of the said goods and chattels.

The third plea avers that, before the recovery of the said judgment and the issuing of execution, viz: on January 1st, 1868, at the county aforesaid, all the property of said Lisch was sold under a mortgage in favor of one Fulford, and a chattel mortgage in favor of Grah, aforesaid, and the defendant in execution (Lisch) had no property in Randolph county subject to levy and sale under execution at the time of the rendition of said judgment, or at the time when the execution came into the hands of said McCormack, sheriff, and, therefore, the said sheriff could not make the money as in said execution commanded.

The fourth plea avers that, after the suing out of the execution, and after the levy, viz: on the 29th day of October, 1870, at Randolph county, notice was served on said McCormack, sheriff, by one Grah, that he claimed the goods and chattels thus levied on, as his property, in manner and form as by the statute in such cases provided. And the said McCormack caused a jury to be impanneled to try the right to said property, and on the 29th of October, 1870, that right was tried by a jury, and by them the right to said goods and chat-

tels was found to be in the said Grah, and not to be the goods and chattels of said Lisch (defendant in execution), wherefore said McCormack could not make the said money (or any part thereof) in said execution mentioned as commanded therein.

To each of these pleas the plaintiff filed a general demurrer.

The circuit court overruled the demurrer, and the plaintiffs elected to stand by the demurrer, and the court rendered judgment against plaintiffs for costs, and they appeal to this court.

The only question presented by the record for the ' decision of the court is, were the four pleas, or either of them, sufficient?

There is one fatal objection to each of these pleas. Each plea purports to answer the whole declaration. The fourth count of the declaration avers that McCormack failed to return the execution within ninety days from the time it was issued. Now, while each plea assumes to answer the whole declaration, there is no allegation in either that answers this averment in the fourth count.

It is a rule of pleading, well settled, that a plea must answer all that it professes to answer. If it purports to answer the whole declaration, but answers only a part, it is insufficient. Chitty, 1st Vol., page 523, lays down the rule as follows: " It is a rule, that every plea must answer the whole declaration or count, or rather, all that it assumes in the introductory part to answer, and no more."

The same question has often been before this court, and decided the same way.   *Warren* v. *Nexsen et al.* 3 Scam. 39 ; *Goodrich* v. *Reynolds et al.* 31 Ill. 495.

For the reason, then, that the pleas assumed to answer the whole declaration, and fail to answer the fourth count, the demurrer should have been sustained.   In other respects we regard the pleas sufficient.

The judgment will be reversed and cause remanded.

*Judgment reversed.*