THE PEOPLE *ex rel.* Louis FitzHenry, Appellant, *vs.* THE UNION GAS AND ELECTRIC COMPANY, Appellee.

*Opinion filed October 28, 1913—Rehearing denied Dec. 4, 1913.*

1. MUNICIPAL CORPORATIONS—*when estoppel extends to question of power to grant street privileges.* A city has general power to grant street privileges to a gas and electric company even though the manner and condition of its exercise are prescribed by statute, and if the city not only fails to compel a gas company to discontinue its unauthorized use of the streets but takes affirmative action apparently approving of such use, thereby inducing the company to make large expenditures and incur heavy liabilities in developing its business, the principle of equitable estoppel applies, and the city will not be heard to say that there were no frontage petitions authorizing it to grant the street privileges.

2. SAME—*what does not amount to fraud in obtaining a city's recognition of gas company's rights.* The fact that the officers of a gas company represent that their company has lawfully succeeded to the legal rights of other companies having street privileges in a city, and thereby procured from the city acts of recognition and approval of the company's right to continue to exercise such privileges, does not amount to fraud and misrepresentation such as prevents basing an equitable estoppel on the city's acts, even though the officers are mistaken in their view of the law with respect to their rights, there being no misrepresentation of any fact but only as to the legal result of facts well known to the city.

3. SAME—*a city's knowledge of extent to which gas company has relied upon its recognition of rights is not material.* If a city has, by its acts, recognized the right of a gas company to occupy the streets for its business purposes and has thereby induced the company to make large expenditures and incur heavy liabilities on the faith of such acts, it is not material, upon the question of equitable estoppel, whether the city knew the extent of the liabilities incurred.

4. PLEADING—*pleading must answer all that it professes to answer or it will be held bad.* A pleading, including a replication, must answer all it professes to answer or it will be held bad, and hence a replication to a plea of estoppel is insufficient where the plea presents a defense to both branches of the information, but the replication, while it professes to be a complete answer to the defense of estoppel, contains no allegations whatever as to one branch of the information to which the plea applies.

5. SAME—*when refusal to allow general replication to be filed is not an abuse of' discretion.* Where the relator in a proceeding in the nature of *quo warranto* files a general replication to a plea of estoppel but withdraws such plea, and three weeks later, after demurrers to its special replications have been sustained, asks leave to file another general replication, it cannot be said that the trial court abused its discretion in refusing such leave, where the relator fails to show any reason for its action in withdrawing the first replication or that any injury has resulted from denying leave to file the second.

6. COSTS—*when costs may be adjudged against a city.* A proceeding by information in the nature of *quo warranto,* by which a city seeks to oust a gas company from its use of the streets, is substantially a suit by the city to protect its property right in the streets, even though it is prosecuted in the name of the People, and as such a suit is not within the rule exempting a city from liability for costs in *quasi* criminal actions for the enforcement of ordinances, it is not error to adjudge the costs against relator.

7. APPEALS AND ERRORS—*when refusal to carry back demurrer cannot be assigned as error.* Where the Supreme Court has held that a plea of estoppel presents a good defense to an information in the nature of *quo warranto* and directs the trial court to overrule the demurrer thereto, the refusal of the trial court, after the case is re-instated, to carry back to the plea of estoppel a demurrer to the replications filed thereto cannot be assigned as error.

APPEAL from the Circuit Court of McLean county; the Hon. T. M. HARRIS, Judge, presiding.

P. J. LUCEY, Attorney General, and T. E. DEMPCY, (A. W. PEASLEY, City Attorney, LOUIS FITZHENRY, and LESTER H. MARTIN, of counsel,) for appellant.

LILLARD & WILLIAMS, and SIGMUND LIVINGSTON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

An information in the nature of a *quo warranto,* consisting of two counts, was filed against the appellee, the first count charging that the appellee was without warrant, charter or grant unlawfully exercising the power, liberty, privilege and franchise of using the streets, alleys and pub-

lic places in the city of Bloomington for the purpose of laying a system of mains, pipes and other appliances for the distribution and sale of gas for heating and illuminating purposes, the second count charging the like unlawful exercise of the same liberty and privilege for the purpose of erecting and maintaining poles, wires and other appliances for the distribution and sale of electricity for commercial purposes. Pleas were filed, to which demurrers were sustained. A judgment of ouster was rendered against the defendant, and it appealed. We reversed the judgment, and the report of the case in 254 Ill. 395, contains a sufficiently full statement of the pleadings and proceedings in the case to that time. The cause was remanded, with directions to the trial court to overrule the demurrer to the pleas of estoppel. This was done upon the re-instatement of the cause, and replications were filed, to which demurrers were sustained. Afterward leave was given to the plaintiff to withdraw its general replication and file amended replications. A jury was waived, and seventeen amended replications were filed, to which the defendant demurred generally and specially. The plaintiff entered its motion to carry the demurrer back to the pleas of estoppel, but the court overruled the motion and sustained the demurrer to the replications. The plaintiff elected to stand by its replications and entered a motion for leave to file again a general replication and tendered a replication to the court for that purpose, but the court overruled the motion. Thereupon the court adjudged the defendant not guilty, and rendered a judgment in bar of the proceedings and for costs against the relator, and the plaintiff appealed.

The first assignment of error is, that the court refused to carry the demurrer back and sustain it to the pleas. It requires no further notice than to say that as the very question was decided on the former appeal and the trial court was directed to overrule the demurrer it could not be error to refuse to sustain it.

The second assignment of error is, that the court sustained a demurrer to each replication. The defense of estoppel is based upon the fact that the defendant has no legal right upon which to found its claim to exercise the powers, liberties, privileges and franchises, the use of which is complained of, and upon the fact that the action of the defendant in the exercise of its corporate powers was recognized as valid and induced by the city under such circumstances that it would now be unjust to permit the city to treat them as invalid, whatever may have been the right of the matter in the first instance. Three of the replications,—the first, the sixth and the fifteenth,—are based upon the lack of power of the city council to grant the right to the defendant to sell gas or electricity for purposes of light, heat and power, and to use the streets for the laying of pipes and mains, the placing of poles or the stringing of wires for those purposes, except upon the petition of the owners of land fronting on the streets proposed to be used, as required by the statute, and it is averred in each of those replications that the city council had never been given jurisdiction to grant such rights by frontage petitions signed by the owners of property abutting upon the streets and alleys proposed to be used nor were such petitions presented to the council. It is argued that since the city council had no power to grant the right without the necessary frontage petitions, it could not be estopped by its action from saying that the right had not been granted where no frontage petition had ever been presented. The city has general control of the streets and of their use for the purposes for which the defendant is using them. As was said on the former appeal, the city had the legal right to grant permission to do just what was done in the matter of manufacturing and distributing gas and electric current and the use of the streets for that purpose. It had the general power, though the manner and conditions of its exercise were determined by the statute. If the defendant had been wrongfully oc-

cupyirig the streets, the public authorities, in the exercise of proper diligence to prevent encroachment on the public right, might have compelled the cessation of such occupation. When they not only failed to do so but took affirmative action with the apparent approval of everyone interested, under which the situation was changed, expensive improvements were made and large liabilities were incurred, the principles of equity require that the city should be estopped. This is the principle announced in the former decision, and the estoppel extends to the question of fact as to the condition of the exercise of the power as well as to all other facts. The city had power, under certain conditions, to grant permission for the use of the streets. When its action has been such that great expenditures have been made on the faith that such permission has been given, it will not be heard to say that the conditions necessary to its granting such permission did not exist.

Replications Nos. 2, 3, 5, 8, 9, 10, 11, 13, 14 and 17 all attempt to meet the alleged estoppel by averring, in varying forms and different detail, that the defendant claimed and falsely and fraudulently represented that it was the owner of the rights of the Bloomington Gaslight and Coke Company and of the Citizens' Gaslight and Heating Company; that such rights were perpetual, and that the appellee was in the lawful exercise of the franchises of the other two corporations and not of its own franchise, and by such false and fraudulent representation procured from the city the several acts of recognition of the appellee and of estoppel on the part of the city. None of the replications answer the estoppel. They only state that the appellee claimed the rights of the other two companies, and that the city recognized the legality and validity of its claim and treated with the appellee on the supposition that its claims were valid. That is what constitutes the estoppel,—the acknowledgment of the appellee's claim and its acts in reliance upon such acknowledgment. "Falsely and fraudulently" is mere

invective.   No fraud is shown.   Whatever representations were made were only the legal opinions of the appellee's counsel.   Those same representations were made to the court when the pleas were filed originally in this case. They were not sustained by the court but there was no fraud in making them.   There is nothing to indicate they were not honestly made, and it is no fraud in a negotiation to contend for one's own view of the law.   No fact is alleged to have been misrepresented, but only the legal result of facts equally open to the knowledge of the city and of the appellee and equally well known to each.

The seventh replication states that the People ought not to be barred of their action because, while it is admitted that the city notified the appellee to place its wires in certain districts underground, it is averred that the appellee did not place its wires underground.   The sixth plea, to which the demurrer was overruled, contained no averment of such notice or placing the wires underground.   The replication was therefore no answer to anything in that plea, though it purported to answer it.   A pleading must answer all it professes to answer or it will be bad.   *People* v. *Mc-Cormack*, 68 Ill. 226; *People* v. *McClellan*, 137 id. 352.

The twelfth replication is a denial of actual knowledge on the part of the city of the bond issues by the appellant of $400,000 and $750,000, and is immaterial.   The estoppel is based upon the acts of the city recognizing the appellee's occupation of the streets as lawful and acknowledging the validity of its claim of right to occupy them, and upon the appellee's actions, the incurring of liabilities and the expenditure of money in reliance upon the rights so recognized and acknowledged.   The city's knowledge of the extent to which the appellee had relied upon the former's acts or the manner in which it had so relied is not important, if, in fact, it had so acted that it would now be unjust to permit the city to change its attitude.

The fourth replication admits the acts out of which the estoppel is alleged to have arisen, and avers that by virtue of the negligent and insufficient way in which the business of the company was managed its service became unsatisfactory and dangerous to life and property by reason of the variation in the pressure of gas; that the quality of the gas was so poor as to be unsuitable for cooking and to require from one hundred to three hundred per cent more than was reasonably necessary for domestic use, and that the city council deeming it for the public good and safety to terminate all right and claim to right by the appellee to prosecute its business in the city of Bloomington and to use the streets, alleys and public places in the city of Bloomington therefor, on November 19, 1909, passed an ordinance whereby all the alleged rights of the appellee, and of any person, firm or corporation through which the appellee claimed rights to the use of the streets, alleys and public places of the city of Bloomington for the purpose of the manufacture, sale and distribution of gas for commercial purposes, were repealed and terminated.

The sixteenth replication pleads in bar of the action an ordinance passed by the city council on May 1, 1908, repealing the ordinance of September 15, 1883, granting to the Citizens' Gaslight and Heating Company the right to lay gas mains and pipes in the streets and alleys of the city of Bloomington for the purpose of conveying gas for heating and illuminating purposes, and to operate, use, repair, maintain and extend the same.

As was stated in the beginning of this opinion, the information contained two counts, one charging the unlawful exercise of the privilege of using the streets, alleys and public places for laying mains and pipes for the sale and distribution of gas, the other charging the unlawful exercise of the privilege of using the streets, alleys and public places for the erection and maintenance of poles and wires for the sale and distribution of electricity for commercial

purposes. The defense of estoppel was alleged to the whole information, and that defense has been held to have been sufficiently alleged. The fourth and sixteenth replications purport, each, to be a complete answer to that defense. Each begins with the statement that the People, "as to the said pleas of estoppel of the defendant above pleaded, further say, *precludi non,*" etc. Each concludes with the prayer of judgment "if the defendant ought to have or maintain its aforesaid defense to this action," and yet neither contains any allegation in regard to the use of the streets and alleys for the erection and maintenance of poles and wires for the sale and distribution of electricity or attempts in any way to meet the defense so far as that branch of the case is concerned. The rule in regard to the replication is similar to that in regard to the plea,—it must answer so much of the plea as it professes to answer, and if it is bad in part it is bad for the whole. (1 Chitty's Pl. 643.) If the replication should be held good it would constitute a complete answer to the defense alleged, and the People would be entitled to a judgment of ouster from the privileges for both gas and electricity, although the ordinances referred to in the replications have nothing to do with the latter. This particular objection to these replications was specifically stated in the demurrer and it was properly sustained.

Complaint is made of the refusal of the court to permit the filing of a general replication to the pleas of estoppel. It appears from the abstract that replications were filed and that later leave was given to file additional replications. A demurrer to the replications was sustained, and afterward the plaintiff was given leave to withdraw its general replication and to file amended replications, and a jury was waived. Later a demurrer was sustained to all replications and the plaintiff elected to stand by its replications. Then a motion was made to file a general replication, and the replication was tendered for filing and is set forth in

the bill of exceptions. These proceedings were had at various dates from October 7, 1912, to January 11, 1913. It was discretionary with the court to allow the replication to be filed at that time. A general replication had been filed and withdrawn. Whether it was the same as the one proposed to be filed we do not know, for it is not before us. At any rate, the plaintiff voluntarily abandoned and withdrew it. The bill of exceptions contains no explanation of the reason for withdrawing the general replication and three weeks later, after demurrers had been sustained to all other replications, asking leave to file another. The burden rested upon the plaintiff to show some reason for such action and also to show some injury resulting from the refusal of the request. We cannot say that the court abused its discretion, under the circumstances, in denying the motion. *Dow* v. *Blake,* 148 Ill. 76; *Fisher* v. *Greene,* 95 id. 94.

Finally, it is claimed that it was error to render judgment for costs against the relator. While this suit is prosecuted in the name of the People it is substantially a suit by the city for the protection of its property in the streets. It is not within the principle which exempts a municipal corporation from liability for costs in *quasi* criminal actions for the enforcement of its ordinances. In so enforcing local government the city performs a public function and acts as the agent of the State. In this case the people of the State at large have no special concern, and the controversy is practically about the contractual or *quasi* contractual rights of the city and the appellee. The judgment for costs was not erroneous.          *Judgment affirmed.*