## United States Fidelity & Guaranty Company v. R. B. Tyler Company.

(Decided June 15, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Insurance.—Judgment for damages for bodily injuries, entered against insured with consent of insurer, held a "liability imposed by law," against which policy indemnified insured.

2. Insurance.—Insurer, under automobile indemnity policy binding it to defend all suits groundless or otherwise, cannot, after consenting to judgment against insured who denied liability, assert non-liability, notwithstanding attempted reservation of question of liability.

JOHN L. WOODBURY and H. L. MEANS for appellant.

L. S. LEOPOLD for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

On the 6th of August, 1921, appellant, United States
Fidelity & Guaranty Company, issued and delivered to
appellee, R. B. Tyler, a contractor's public liability
policy, by which the former agreed to indemnify the
latter:

"Against loss from the liability imposed by law
upon the assured for damages on account of bodily
injuries or death suffered as the result of an accident
occurring while this policy is in force by any person
or persons not employed by the assured, while at or
about the work of the assured described in said
schedule, during the prosecution of the said work at
the place or places designated in statement numbered
6 of the said schedule."

And also agreed:

"To defend in the name and on behalf of the
assured any suit brought against the assured to en-
force a claim, whether groundless or not, for dam-
ages on account of bodily injuries or death suffered,
or alleged to have been suffered, by any person or
persons not employed by the assured, while at or
about the work of the assured described in the said
schedule, during the prosecution of the said work at
the place or places designated in statement num-
bered 6 of the said schedule, and as the result of an
accident occurring while this policy is in force."

While it was in force the insured was sued in the
Barren circuit court on a claim for damages on account
of bodily injuries. The insurer was notified, whether
promptly or not is immaterial, in view of the other facts
appearing in the record. At a term of court when that
case stood for trial an agreed judgment for $500.00 was
entered in favor of the plaintiff in that action. Appel-
lee thereafter was compelled to and did pay that judg-
ment, its interest and the cost of the action and certain
attorneys' fees. It thereupon instituted this action
under the insurance contract to recover from appellant
the sums it had so been compelled to pay. The issues
made by the answer were tried by a jury, which returned
a verdict in favor of appellee for the full amount sued
for. Appellant prosecutes the appeal from that judg-
ment.

It is agreed by appellant that H. L. Means, its agent and attorney, with full authority to act for it, was present in Glasgow, Kentucky, on the occasion when the agreed judgment was entered against assured; that he was acting for appellant, insurer, under its obligation under the policy to defend the suit brought against insured in which the agreed judgment was entered; and that he was present at all of the conferences held by the attorneys appearing for insured with reference to the settlement of the pending action.

The following quoted from the testimony of Mr. Means seems to this court to be conclusive of the questions presented by the appeal:

"I participated in it (the conference leading to the settlement), and finally it got down to the point where they were willing to accept $500.00. I had, in that room and elsewhere, insisted with Mr. Tyler that we were not liable, but we wanted to do what we could to help dispose of it. I told him that I thought it should be settled for $500.00, because that was cheaper than it could be defeated. It had been suggested that the lawyers—in fact, Judge Richardson mentioned that to us, that he understood that White & Smith were preparing to charge a thousand-dollar fee in the event it was tried that day; and I might say that White & Smith quite opposed the settlement. Judge Richardson, however, insisted, and his insistence finally prevailed and the case was settled. I talked to Mr. Tyler several times about it during the morning, and agreed with him, after this had been decided upon, to pay $250.00 of the judgment, and asked him to pay the other $250.00. Mr. Tyler, as he has stated, declined to pay anything. The final analysis of the situation was, as I understood it, that the matter should be suffered to go and that Mr. Tyler and my company should determine later on as to who was liable for this $500.00."

Tyler testified most positively that when it was suggested that a judgment for $500.00 be consented to in the case against him he declined to pay any part of it or to agree to it upon the condition that he pay any part of it because he was insured and looked to his insurer to save him harmless. It will be observed that appellant's agent admits that Tyler declined to pay anything. The state-

ment found in the testimony of Means that the final analysis of the situation was, as he understood it, that the matter should be suffered to go and Mr. Tyler and his company would determine later the question of liability between himself and the company is a mere conclusion and means nothing. He did not testify to anything he said or that Tyler said which led to his understanding that the question of the insured's liability might be settled later. Tyler he admits declined to pay anything upon the ground that his insurance policy protected him and he then for the insurance company consented that the agreed judgment be entered.

When the judgment was entered it was a "liability imposed by law upon the assured" against loss from which the policy indemnified him. When appellant admitted that it consented that the judgment be entered after insured declined to agree to pay any part of it upon the ground that he was protected by the insurance contract and expected the insurance company to pay all of the judgment if one be consented to, it admitted itself out of court. Having consented that the judgment be entered under those circumstances which it admits existed appellant could not thereafter assert nonliability under the insurance contract. If the liability was one of which insurer could be relieved under the policy only by defeating recovery against insured, by consenting to the judgment it made itself liable. If it was one for which, though judgment be recovered against insured, under the policy insurer would not be liable, since by the policy insurer agreed to defend all actions whether groundless or not, and whether it would be liable or not, when the proposition to settle was made and insured declined to pay any part of the proposed agreed judgment, insurer became liable by then consenting that the judgment be entered.

The trial court might properly under the evidence have directed a verdict for appellee. The errors, if any, being favorable rather than prejudicial to appellant, do not authorize a reversal of the judgment.

Judgment affirmed.