S90A0643, S90A0644. In re TRUST UNDER THE WILL OF
ARTHUR LUCAS (two cases).
(393 SE2d 256)

SMITH, Presiding Justice.

The appellants, the First National Bank of Atlanta and Frederick G. Storey, trustees, appeal from the trial court's order granting the appellees' Motion to Terminate the Divorce Trust and denying the appellants' Motion to Stay a Ruling on the Motion to Terminate the Divorce Trust. We affirm.

On July 6, 1946, a divorce trust was created by an agreement between John S. Lucas (who is still living), Mary Edwin Thorpe Lucas (who is now deceased), First National Bank of Atlanta, and Frederick G. Storey. The trust was created to resolve alimony and child support obligations arising from the divorce of John Lucas and Mary Edwin Thorpe Lucas.

The divorce trust vested a one-half interest each in John Lucas and Mary Edwin Thorpe Lucas. Upon the death of Mary Edwin Thorpe Lucas in 1980, her one-half interest vested in the three children who at that time were of age and suffering no disabilities. The terms of the trust provide for termination of the trust upon the deaths of Mary Edwin Thorpe Lucas and John Lucas and upon the youngest living child of their marriage reaching the age of 21 years.

The appellees, beneficiaries of the trust, agreed that the trust should now be dissolved. All of the beneficiaries of the trust are adults who are capable of consent and have consented in writing to an early termination of the trust. One of the grounds upon which the appellants have tried to block the early dissolution of the trust is that John Lucas has an illegitimate son who cannot be found. No service was perfected upon the illegitimate son, and service by publication was not attempted. The appellants argue that the illegitimate son is an heir at law and because he has not consented or been served, the trust cannot be dissolved.

We find that the divorce trust was created for the sole purpose of providing alimony for John Lucas' wife and support for their three children. One-half of the trust was for the benefit of the former wife and children of their marriage. The trust was agreed to by the former wife and incorporated into the divorce decree as a final settlement of alimony and support obligations. Consequently, only the former wife and the children of the marriage, those named in the trust, have a claim upon the divorce trust created for their benefit. Inasmuch as the illegitimate son would have no claim to this half of the divorce

trust, there was no need to serve him or to give him notice of the possible dissolution of the trust.

Although we disagree with the trial court's rationale regarding the lack of service upon the illegitimate son, we agree with the trial court's granting of the Motion to Terminate the Divorce Trust. Because we reach the same conclusion as the trial court, we affirm the trial court under the principle that if a trial court is right for any reason this Court will affirm its judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 12, 1990.

*Rogers & Hardin, Richard H. Sinkfield, Joseph C. Miller, James W. Beverage,* for appellants.

*Bondurant, Mixson & Elmore, Edward B. Krugman, Long, Aldridge & Norman, F. T. Davis, Jr., Jones, Day, Reavis & Pogue, Richard M. Kirby, Sutherland, Asbill & Brennan, John H. Fleming, Catherine K. Anderson, Hurt, Richardson, Garner, Todd & Cadenhead, James J. Brissette, Alston & Bird, Steven M. Collins, Feagin & Feagin, John E. Feagin, Jr.,* for appellees.