S91G0002 PRECISE v. CITY OF ROSSVILLE.
(403 SE2d 47)

CLARKE, Chief Justice.

We granted certiorari to consider whether a policeman may sue a municipality for breach of an employment contract. We hold that the action is not barred by the doctrine of sovereign immunity, but affirm the judgment in favor of the municipality on other grounds.

James L. Precise was a policeman for the City of Rossville for almost ten years. In March 1987, the City Council discussed Precise's conduct and voted unanimously to give Precise the option of resigning his job or having his dismissal considered by the council at a public hearing. After considering his options for several days, Precise tendered a letter of resignation. Shortly thereafter, he obtained legal counsel and attempted to rescind his resignation. Following a hearing, the City Council voted unanimously to reject Precise's request to rescind the resignation. The counsel voted to terminate his employment effective as of the date of his resignation letter.

Precise filed this action alleging breach of employment contract, wrongful refusal to provide employment statistics, and wrongful interference with employment recommendations. The trial court granted summary judgment in favor of the City. The Court of Appeals affirmed, holding that a suit against the City for breach of an employment contract is barred by the doctrine of sovereign immunity and that the tort claims are barred for failure to give ante litem notice. *Precise v. City of Rossville,* 196 Ga. App. 870 (397 SE2d 133) (1990).

1. The issue first presented is whether sovereign immunity bars a breach of contract action against a municipal corporation. We conclude that it does not.

The authority of municipal corporations is limited to the power delegated to them by the state. Georgia Constitution of 1983, Art. IX, Sec. II, Par. II, and OCGA § 36-34-1 et seq. We have long acknowl-

edged that municipal corporations have only limited power to enter into contracts. See, e.g., *Williams v. City Council of West Point*, 68 Ga. 816 (1882); and OCGA § 36-30-3. If a contract is beyond the power or competence of the local government, then the contract is termed ultra vires and is void. R. P. Sentell, Jr. "Local Government and Contracts that Bind," 1968 Ga. L. Rev. 546. However, when a city enters into a contract that is within the sphere of its legally delegated powers, that contract is binding. *Jonesboro Athletic Assn. v. Dickson*, 227 Ga. 513 (181 SE2d 852) (1971). " 'A municipal corporation may bind itself by, and cannot abrogate any contract which it has the right to make under its charter.' " Id. at 520 quoting *City of Summerville v. Ga. Power Co.*, 205 Ga. 843, 844 (55 SE2d 540) (1949).

State law relating to the sovereign immunity of municipalities is codified in OCGA § 36-33-1 et seq. Although the doctrine of municipal immunity has been codified since 1895, we have never construed it as a defense to action for the breach of a valid contract. To the contrary, we have repeatedly enforced valid contracts against municipalities. See, e.g., *City of Summerville*, supra; *City of Powder Springs v. WMM Properties*, 253 Ga. 753 (325 SE2d 159) (1985); *City Council of Augusta v. Young*, 218 Ga. 346 (127 SE2d 904) (1962). We now hold that municipal immunity is not a valid defense to an action for breach of contract. Anything to the contrary is specifically overruled.

2. Appellant next asserts that the Court of Appeals incorrectly decided that his tort claims fail because he did not give the written notice required under OCGA § 36-33-5. Appellant argues that ante litem notice was properly and timely given and that the Court of Appeals simply overlooked it in the record. Appellee does not disagree with appellant on this point. We find that the required written notice is present in the record. Therefore, the tort claims may not be dismissed for failure to give ante litem notice.

3. Having decided that the order for summary judgment cannot be upheld for either of the reasons cited by the Court of Appeals, we must now decide whether the summary judgment may be upheld on any other basis. A judgment that is right for any reason will be affirmed. *In re Trust Under the Will of Arthur Lucas*, 260 Ga. 337 (393 SE2d 256) (1990).

The undisputed facts in this case demonstrate that Precise cannot prevail in his claim for breach of his employment contract. There was no wrongful termination because Precise resigned. We reject Precise's contention that his resignation was not effective because his offer to resign was rescinded before it was accepted. The record shows that the offer came from the City. Precise accepted the offer by submitting his letter of resignation.

Next, we conclude that Precise's claim for "wrongful refusal to provide employment statistics" must fail. Precise does not specify

what "statistics" the City refused to provide. In response to a motion for summary judgment, the non-moving party may not rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial. OCGA § 9-11-56 (e); *Norris v. Kunes*, 166 Ga. App. 686 (305 SE2d 426) (1983). Precise has not met his burden to go forward with this claim.

Precise's final claim for wrongful interference with a personal recommendation must also fail. Precise alleges that the police department dispatcher, Gloria Sherrill, was preparing a personal recommendation for him, but was told by a City Councilman that she would be fired unless she tore it up. Precise asserts that this states a claim for interference with prospective economic benefit, citing *NAACP v. Overstreet*, 221 Ga. 16 (142 SE2d 816) (1965). In *Overstreet* we acknowledged that

> [w]here one maliciously and wrongfully, and with the intent to injure another person's business prevents others from dealing with him and his business is thereby injured, the person thus injured has a cause of action against the person thus causing the injury, for the loss and damage sustained. Id. at 21.

In this case, the record does not show that the lack of a personal recommendation from Ms. Sherrill played a role in Precise's ability to secure employment. In other words, Precise has not shown causation, a necessary element of the tort. Therefore, the trial court could properly have entered summary judgment in favor of the City on this claim. OCGA § 9-11-56.

In sum, municipal immunity does not provide a defense to actions for breach of contract, but that judgment in favor of the City was proper on other grounds.

*Judgment affirmed. All the Justices concur, except Smith, P. J., who dissents as to Division 3 and the judgment.*

DECIDED APRIL 15, 1991 —
RECONSIDERATION DENIED MAY 10, 1991.

*Robert I. Kiselik*, for appellant.
*Gleason, Davis & Dunn, John W. Davis, Jr., Kenneth R. Starr*, for appellee.