## A96A0036. WELLS v. L.W.A., INC. et al.
### (470 SE2d 510)

Judge Harold R. Banke.

W. Howard Wells, Jr., a minority stockholder and former president of L.W.A., Inc. ("LWA"), brought this breach of contract and conspiracy action against LWA and its co-owners, Steve Luce, Joseph P. Luce, and Albert "Buddy" Luce, after being discharged. He appeals the trial court's grant of defendants' motion for summary judgment.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp.*

*v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that Joseph Luce and Buddy Luce, owners of a large school bus manufacturing company, asked Wells, an accountant and independent business consultant, to provide business guidance to Steve Luce, Joseph Luce's son. Subsequently, Wells and Steve Luce entered into an agreement to purchase LWA, with Buddy Luce and Joseph Luce involved as stockholders, members of the board of directors, and guarantors of a $1 million loan. Wells was appointed president and the corporation did poorly, kept afloat primarily on loans and guarantees from the Luces. Under the employment contract at issue, Wells was to receive an $8,333.33 monthly salary which was to continue for 12 months as severance pay if he was discharged without just cause. As LWA continued to lose money, Joseph Luce and Buddy Luce agreed to grant Wells an option to buy out their interest at $116.90 per share. Five months later, Buddy Luce and Joseph Luce agreed to a superseding option to permit Wells to buy their interest at $1 per share. After Wells failed to exercise the option and was discharged without cause, he filed this action, alleging he did not receive the post-employment benefits to which he was entitled and was prevented from exercising the option to purchase LWA. *Held*:

1. Because the superseding option contract expired before Wells satisfied its conditions, summary judgment was appropriate on the claim for breach of the option contract. The record shows that the final, superseding option contract expired on January 31, 1993. This contract required Wells to: (1) buy the Luces' 29,334 shares of LWA stock at $1 per share; (2) arrange for LWA to repay several promissory notes to Joseph Luce and Steve Luce; and (3) use his best efforts to have Joseph Luce and Steve Luce released from their personal loan guarantees. It is undisputed that when the deadline passed, Wells had satisfied none of these conditions. See *Barkley-Cupit Enterprises v. Equitable Life &c.*, 157 Ga. App. 138, 141 (2) (276 SE2d 650) (1981) (the law requires timely performance of all obligations under an option contract). Furthermore, Wells admitted that the Luces were under no legal obligation to extend the option. The record refutes Wells' claim that the Luces thwarted his efforts at satisfying these conditions by refusing to approve a prospectus to solicit investors, showing that Wells himself made a motion to the LWA board of directors that the prospectus not be used for any purpose upon learning that the prospectus could expose LWA to liability.

2. The trial court properly granted summary judgment on Wells' claim for the annual benefits he would have received under his employment contract had he not been discharged without good cause. It is undisputed that Wells received 12 months severance pay. The employment contract does not provide for the continued payment after

discharge of the benefits at issue, which included payments for premiums on his health, life, and disability insurance policies and the rental of a corporate car. Thus, no breach of contract occurred.

3. Summary judgment was properly granted on Wells' claims that LWA (1) issued an erroneous W-2 tax form which caused him to incur approximately $45,000 in tax liability by calculating as income payments it or the Luces paid on a loan to LWA and (2) failed to pay the full amount of Wells' final severance pay checks. Neither of these contentions raises a genuine issue of fact. First, LWA was required to withhold taxes; any dispute regarding the amounts withheld may be presented to the Internal Revenue Service. See generally 26 USC § 3402. Second, although Wells' affidavit states that LWA paid a portion of a note due to Trust Company Bank and then erroneously charged these sums to his income and set them off from his severance pay, his deposition testimony confutes this contention. Because Wells has offered no reasonable explanation for the divergence between his affidavit and his contradictory testimony, it must be construed against him. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). Accordingly, we find that the amount set off from Wells' severance pay covered a personal loan Wells used to purchase LWA stock. In light of Wells' own testimony and evidence offered by LWA and the Luces showing detailed calculations of Wells' income and the amounts deducted from his severance pay to balance the amounts owed on the notes, Wells' mere contention that unspecified amounts were improperly set off from his severance pay is insufficient to create a triable issue. *Lau's Corp.*, 261 Ga. at 491; *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991) (judgments right for any reason will be affirmed).

4. Having found that LWA and the Luces breached neither the option contract nor the employment contract, Wells' claim that the Luces conspired to breach these contracts fails. See *Green v. Sams*, 209 Ga. App. 491, 498 (433 SE2d 678) (1993).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 5, 1996.

*Phillips & Phillips, Arthur L. Phillips*, for appellant.
*Sell & Melton, John D. Comer, Jeffrey B. Hanson*, for appellees.