## HORKAN *v.* CITY OF MOULTRIE *et al.*

1. A council of a municipality can not make a binding contract by which it undertakes to obligate the municipality to furnish "free of charge," for an indefinite time in the future, sufficient water for the closets in a given building situated within the corporate limits, in consideration of the owner of the building allowing the municipality to lay its sewer through his land.

2. Such a contract, being ultra vires and void, could not be ratified by the continued use, under the contract, of the sewer through the land by the municipality, nor would the benefit thereby received estop it from subsequently setting up the invalidity of the contract.

JULY 13, 1911.

Equitable petition. Before Judge Mitchell. Colquitt superior court. April 6, 1910.

*Shipp & Kline*, for plaintiff in error. *J. A. Wilkes*, contra.

FISH, C. J. Horkan, in his petition against the City of Moultrie, alleged in substance as follows: In 1907 he was the owner of described strips of land situated within the corporate limits of the defendant city. During that year and while he was the owner of such land, he agreed to allow the city "to put its sewers along and across said land. . . in consideration of which the said

City of Moultrie agreed to furnish to this petitioner, free of charge, sufficient water and sewer services for the purpose of water-closets in petitioner's building immediately west of said strip of land." In consideration of this contract the city laid its sewers through the land. Petitioner, relying on the contract, put closets in the building. The city used the sewers so laid continuously from 1907, and is now using the same. The city has recently presented to petitioner a bill aggregating a named amount for water used in the closets for the months of October and November, 1909, and has notified petitioner that unless the amount of the bill shall be paid at once, the water will be cut off from the closets. Petitioner alleged, "that he and his property will be irreparably damaged if said contract is violated," and that the city will violate the contract unless restrained from so doing by the court. The prayer was for injunction requiring the city and its officers "to desist from cutting off the water in said building." The petition was dismissed on general demurrer, and the petitioner excepted.

1. One of the grounds urged by counsel for the defendant in error, in support of the judgment of the trial judge in sustaining the general demurrer to the petition, was that the contract set forth in the petition was void for the reason there was no limitation fixed as to the time of its continuance. In our opinion this point was well taken. There has been, before various courts, the question of the legal power of a municipal corporation to make a contract or to grant a license extending over a period beyond the official term of the body granting the privilege or the license. The decisions on the question are not uniform. All legislative bodies are limited in their legal capacity in such a manner as not to deprive succeeding bodies of the right to deal with matters involving the same questions as they may arise from time to time in the future, and as the then present exigencies may require. The weight of authority sustains the doctrine that a municipal corporation may make a valid contract to continue for a reasonable time beyond the official term of the officers entering into the contract for the municipality. 3 Abbott's Municipal Corporations, § 904. We have found no case, however, that would tend to support a contract made by a city council in behalf of the municipality to furnish water indefinitely to one of its citizens in consideration of his permitting it to lay a sewer through his land. Succeeding

councils would necessarily have the power, we think, to change the water rates from time to time as circumstances might require or justify, in order to obtain sufficient revenue to maintain its water-works system on the one hand, and, on the other, in order to serve all its patrons at reasonable rates and on equal terms. To allow one council to legally bind the city by a contract of the kind here in question might so tie the hands of its successors as to result in great injury to the municipality and to the public. Trustees v. City of Jacksonville, 61 Ill. App. 199. In the case just cited it was held that a city could not bind itself by a contract to furnish water for a period of years at a fixed rate. "Powers are conferred upon municipal corporations for public purposes; and as their legislative powers can not . . be delegated, so they can not be bargained or bartered away. Such corporations may make authorized contracts, but they have no power, as a party, to make contracts or pass by-laws which shall cede away, control, or embarrass their legislative or governmental powers, or which shall disable them from performing their public duties." 1 Dillon's Municipal Corporations (4th ed.), § 97. Our Civil Code (1910), § 892, declares that "One council can not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government." If this could not be done by an ordinance, of course it could not be done by a contract. Power in a municipality of making and changing, by ordinance, water rates from time to time, whenever necessary to protect the city in its revenues and to enable it to furnish to all on equal terms and at reasonable rates, is a legislative or governmental power, and therefore can not be legally bargained or bartered away by one council so as to forever deprive succeeding councils of the right to exercise it. See Tarver v. Mayor etc. of Dalton, 134 Ga. 462 (67 S. E. 929, 29 L. R. A. (N. S.) 183).

2. The fact that the city has continuously since the execution of the contract, and solely by reason thereof, used the sewer laid through the land of the defendant in error and is now deriving a benefit under the contract by the use of the sewer, will not amount to a ratification of the contract or an estoppel upon the city so as to prevent it from contending that the contract was void. Town of Wadley v. Lancaster, 124 Ga. 354 (52 S. E. 335).

　　　　*Judgment affirmed. All the Justices concur.*