## NEAL v. TOWN OF DECATUR.

ATKINSON, J. On July 19, 1910, a fi. fa. for the amount of an assessment for constructing a sewer was issued by the Town of Decatur against abutting land of D. O. Neal, and duly levied on the property. The defendant filed an affidavit of illegality, denying the right of the town to levy an assessment against his property. One of the grounds of illegality was, that, on a former occasion, when the Town of Decatur desired a right of way through the property for location of a sewer, different from that for which the assessment was made, the officers of the municipality entered into an agreement with the defendant's predecessor in title, whereby the property levied on would be exempt from all future sewer assessments, in consideration of the grant of the right of way; and, in pursuance of the agreement, the municipality accepted the right of way and constructed the sewer, and for a period of more than seven years has continuously enjoyed the easement, and thereby ratified and become estopped from repudiating the contract for exemption from assessments for the cost of sewers. The other ground of illegality was that the sewer for which the assessment was made was impracticable for use on the defendant's property, in that it was above the grade of the property on which his houses were located, and that, if his houses should be connected with the sewer, it would be injurious to the health of the occupants of the houses. *Held:*

1. The principles announced in *Horkan* v. *City of Moultrie*, 136 *Ga.* 561 (71 S. E. 785), are applicable to this case. The alleged agreement was ultra vires and void, and, being so, could not be ratified by continued use, under the contract, of the sewer through the land by the municipality; nor would the benefit thereby received estop the municipality from subsequently setting up the invalidity of the contract.

2. The fact that the abutting property, in its present condition, may not be specially benefited by construction of the sewer would not render the assessment illegal. *Georgia Railroad Co.* v. *Decatur*, 137 *Ga.* 537 (73 S. E. 830, 40 L. R. A. (N. S.) 935).

3. The affidavit was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*
JULY 25, 1914.

Illegality of execution. Before Judge Roan. DeKalb superior court. March 11, 1913.

*J. E. & L. F. McClelland,* for plaintiff in error.

*L. J. Steele,* contra.