MAYOR &C. OF GAINESVILLE *v.* DUNLAP *et al.; et vice versa.*

ATKINSON, J. 1. The charter of the City of Gainesville, as amended by the act approved December 12, 1892 (Acts 1892, p. 168), conferred upon the city power to acquire "all rights and property, both real and personal, necessary or appropriate for affording a complete and sufficient supply of reasonably pure and clear water to said city, and .. . power to acquire and hold or use all such rights and property both within the limits of said city or elsewhere in this State, including ownership of and dominion, in whole or in part, over the watershed from which the water to be supplied is gathered," etc. Neither this nor any other provision of the charter, expressly or by implication, authorizes the city to engage in the business of supplying water to customers beyond the city limits.

2. As a general rule, a municipal corporation's powers cease at municipal boundaries, and can not, without express authority granted in its charter, or necessary legislative implication therein, be exercised beyond its limits. And where a municipality, in pursuance of charter powers as indicated in the first note, acquires a supply of water beyond the city limits and lays water-mains from the city to the source of supply, it is ultra vires to engage in the business of supplying water outside of the city to persons along the route. *Langley* v. *Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133) ; 28 Cyc. 226; Pond on Public Utilities, § 100; 3 Dill. Mun. Cor. § 1299; Farwell *v.* Seattle, 43 Wash. 141 (86 Pac. 217, 10 Ann. Cas. 130).

(*a*) The case differs from *Hall* v. *Calhoun,* 140 *Ga.* 611 (79 S. E. 533), where the contract was that in consideration of a grant to lay pipes on certain land outside of the city for the purpose of obtaining water therefrom, the city would make pipe connections with the house of the owner and allow him, without the right of assignment, to draw water from the pipes so long as the city used that supply of water.

3. Where a city engages ultra vires in supplying water to customers beyond the city limits, in the manner indicated in the preceding note, the fact that the customers may have improved their property under the expectation of having the benefits of the water-main will not estop the city from subsequently discontinuing the service and removing the water-pipes. *Horkan* v. *Moultrie,* 136 *Ga.* 561 (2), 563 (71 S. E. 785) ; *Neal* v. *Decatur,* 142 *Ga.* 205 (82 S. E. 546).

4. Where in order to reach the reservoir the city laid a water-main through the lands of others under a lease or parol license which was silent as to the right of removal of the pipe or pipes, the laying of the pipes not being for the improvement of the realty but for the use of the city in the operation of its waterworks, the pipes are in the

nature of trade fixtures and removable at any time by the city without the consent of the landowners. *Charleston &c. Ry. Co.* v. *Hughes,* 105 *Ga.* 1 (30 S. E. 972, 70 Am. St. R. 17).

(a) The case differs from that of *Wright* v. *DuBignon,* 114 *Ga.* 765 (40 S. E. 747, 57 S. E. 669), where the water-pipes held to be fixtures were certain galvanized iron gutters attached to the roof of a dwelling-house, as receptacles for rain water, and other pipes connected therewith, laid upon the ground for the purpose of conducting the water and maintaining a fountain in the yard.

5. One provision of the amendment to the charter of the City of Gainesville (Acts 1892, p. 168) was as follows: "That the waterworks and light plant now owned and held by said City of Gainesville, with all of its pipes, fixtures, lines, holdings, franchises, and privileges, shall remain the property of said city and be so held; and no sale of said waterworks and light plant, or either, shall be legal by the mayor and council of said city, except upon a unanimous recommendation of the entire vote of the whole council, the mayor concurring therein, to order an election for the sale of said waterworks and light plant, either or both, which election shall be advertised for thirty days, and held at the court-house in the City of Gainesville" etc. *Held,* that this provision can not be properly construed to prohibit the sale by the City of Gainesville, in pursuance of a duly adopted municipal ordinance, of certain iron pipes laid by the city as part of the water system operated by the city, and subsequently abandoned. 28 Cyc. 623 (3).

(a) The pipes having been acquired and held for a special purpose not governmental in its nature, and that purpose having been served in so far as the location of the pipes was concerned, and the municipality having no further use for the pipes, the city could lawfully convert them to another use or dispose of them. 28 Cyc. 623 (3); Palmer *v.* Albuquerque, 19 N. M. 285 (142 Pac. 929, L. R. A. 1915A, 1106); City of Fort Wayne *v.* Lake Shore &c. Ry. Co., 132 Ind. 558 (32 N. E. 215, 18 L. R. A. 367, 32 Am. St. R. 277); 3 McQuil. Mun. Cor. 1141; 3 Dill. Mun. Cor. § 991.

6. A court of equity will not interfere with the discretionary action of the governing officers of a city within the sphere of their legally delegated powers, unless such action is arbitrary, and amounts to an abuse of discretion. *Dyer* v. *Martin,* 132 *Ga.* 445 (64 S. E. 475).

(a) The facts in this case do not show an abuse of discretion upon the part of the mayor and council in removing and selling the pipes.

(b) The court erred, as complained of in the main bill of exceptions, in enjoining the city from discontinuing the supply of water to certain named customers without the city limits; and property refused to enjoin the removal of the pipes from the lands of certain others of the plaintiffs, to whom there was no service of water, beyond the city limits, as complained of in the cross-bill of exceptions.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

Nos. 80, 81. NOVEMBER 15, 1917.

Injunction. Before Judge Jones. Hall superior court. December 27, 1916.

*C. N. Davie* and *H. H. Perry,* for the city.

*H. H. Dean, B. P. Gaillard Jr., E. B. Dunlap, W. B. Sloan, S. C. Dunlap,* and *Luther Roberts,* contra.