SCREWS *v.* CITY OF ATLANTA *et al.*
SOUTHEASTERN FAIR ASSOCIATION *v.* CITY OF
ATLANTA *et al.*
CITY OF ATLANTA *et al. v.* SCREWS *et al.*

Nos. 13172, 13179, 13192.   FEBRUARY 17, 1940.
REHEARING DENIED MARCH 15, 1940.

*F. Lee Evans* and *Alton T. Milam,* for plaintiff.

*J. C. Savage, C. S. Winn, J. C. Murphy,* and *E. L. Sterne,* for defendants.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■ The purpose of this suit for mandamus is to compel the mayor and general council of the City of Atlanta to take action to collect for water which the city furnishes to the Southeastern Fair Association. These defendants insist that mandamus will not lie against them, because they have neither the duty nor the power to

make such collections; and it is suggested that this duty rests primarily upon the water department of the city. The charter of the City of Atlanta originally provided for a board of water commissioners to construct and manage a system of waterworks for the city, with authority to fix rates, time of payment, and to otherwise regulate the use and distribution of water under certain named restrictions. Ga. L. 1874, p. 116, §§ 39-51. In 1922 the charter was amended by an act abolishing a number of the boards of the city, including the board of waterworks. Ga. L. 1922, p. 529. That act provided that all powers theretofore vested in the boards should thereafter "vest in and be exercised by the authority of the general council of said city, or, in the discretion of the general council, through the committees of said council corresponding to said boards." This act thus placed the waterworks system under the control of the general council. While no doubt the council acts through agents in the discharge of the ministerial duties connected with the operation of the water system, it does not follow that such agents are necessary parties to a suit to compel the performance of duties which rest primarily upon the council. The petition was not subject to the demurrer questioning the sufficiency of the petition for failure to make proper parties.

Numerous other attacks were made upon the petition, none of which are of sufficient merit to warrant an extended discussion. The petition does not seek to compel a general course of official conduct for a long series of continuous acts to be performed under varying conditions, as contended by the defendants. It merely seeks to set the defendants in motion to collect for water supplied the fair association. It does not seek to control the manner in which they shall proceed to make such collection. *Thomas* v. *Ragsdale*, 188 *Ga.* 238 (3) (3 S. E. 2d, 567). It is urged that the defendants have a discretion in the control of the water system, and that no abuse of discretion is alleged. The fact that the defendants are supplying, and have supplied the fair association with water free of charge over a long period of time, is a sufficient allegation to show an abuse of any discretion which the defendants might have in the control of the city's water supply. Neither is there any merit in the contention that the plaintiff has not sufficient interest to maintain the suit. Code, § 64-104; *Blake* v. *Macon*, 53 *Ga.* 172; *Keen* v. *Waycross*, 101 *Ga.* 588 (3) (29 S. E.

42); *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247); *Board of Commissioners of Manchester* v. *Montgomery,* 170 *Ga.* 361 (153 S. E. 34). The other grounds are without merit. The court did not err in overruling the demurers to the petition. Judgment is therefore affirmed on the cross-bills of exceptions.

■ This case turns upon the validity of the provision of the contract between the City of Atlanta and the Southeastern Fair Association, whereby the city agreed to supply water for Lakewood Park free of charge during the 25-year term of its lease to the fair association. The contract was entered into in pursuance of authority granted to the city by an act of the General Assembly approved August 7, 1924. Ga. L. 1924, p. 444. Before that time the city was not allowed to lease the property for a term of longer than five years. The act provided: "The mayor and general council of the City of Atlanta, however, are hereby authorized, as an exception to the foregoing prohibition, to lease the property known as Lakewood, being the old waterworks property, to the Southeastern Fair Association for a period not exceeding twenty-five years, upon such terms and conditions as the city may agree upon, these matters being left to the discretion of the said mayor and general council." While the act provided that the terms and conditions of the lease should be left to the discretion of the mayor and general council, we do not construe this provision to mean that the city was thereby empowered to bind itself to terms, otherwise illegal and ultra vires, which were not to be necessarily implied from the authority granted. The authority to lease property does not necessarily imply the authority to supply the leased premises with water, and the agreement in the instant case is invalid if the city was not otherwise authorized to make the same.

"One council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government." Code, § 69-202. What can not be done by an ordinance can not be done by a contract. The power of a municipality to fix and regulate water rates is a legislative or governmental power (*Horkan* v. *Moultrie,* 136 *Ga.* 561, 71 S. E. 785), and falls within the limitation placed upon councils of municipalities by the Code, § 69-202. In the *Horkan* case it was said: "A council of a municipality can not make a binding contract by which it undertakes to obligate the municipality to furnish 'free of charge,'

for an indefinite time in the future, sufficient water for the closets in a given building situated within the corporate limits, in consideration of the owner of the building allowing the municipality to lay its sewer through his land." That decision was followed in *City Council of Augusta* v. *Richmond County,* 178 *Ga.* 400 (173 S. E. 140). While the contracts involved in these cases obligated the cities to furnish water free of charge for an indefinite time in the future, the rulings there made are applicable to such a contract for a term of twenty-five years. A very definite ruling that a city council can not bind itself and its successors in matters of municipal government for such a period of time was recently made by this court in *Aven* v. *Steiner Cancer Hospital,* 189 *Ga.* 126 (5 S. E. 2d, 356). It follows that this provision of the contract was ultra vires and void. The other portions of the contract are not attacked in this suit, and are assumed to be valid. Without intimating that these facts were controlling in the case, we desire to call attention to several features of the contract. It can not be said that the water to be furnished free of charge is to be used solely for park purposes. The contract provides that the premises shall be supplied with water at all times, but the land is to be open to the public as a park only when it is not being used for fair purposes or for other entertainments to which admission is charged. Neither does the contract provide that all of the profits of the fair association shall be used for adding permanent improvements to the land and maintaining a park. It provides that up to twenty per cent. of the profits may be used for paying the principal of outstanding preferred stock of the association.

In the light of the ruling stated above, it is clear that the contract relied upon by the city and the fair association in their answers was not a sufficient defense to the suit. The plaintiff excepted to the overruling of his demurrers to the answers, and ordinarily the correctness of these rulings would have been the first matter in the main bill of exceptions for consideration. However, since a copy of the contract was not attached to either answer, and neither contained an entirely clear and accurate statement of the contents thereof, and it does not appear that the contract was before the lower court when the demurrers were considered, we have not deemed it necessary to determine whether the court erred in overruling the demurrers to the answers. With the contract itself

in the record before this court, it would serve no good purpose to consider the sufficiency of the contract as pleaded. The court erred in denying a mandamus absolute.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bills. All the Justices concur.*