THE J. S. H. COMPANY *et al. v.* CITY OF ATLANTA *et al.*

No. 13871.  OCTOBER 14, 1941.

*Spence & Spence,* for plaintiffs.

*J. C. Savage, E. L. Sterne, J. C. Murphy, F. A. Hooper Jr., Spalding, Sibley, Troutman & Brock, W. S. Northcutt,* and *E. Harold Sheats,* for defendants.

REID, Chief Justice.  The plaintiffs, owners of certain lots of land in Fulton County, alleged in their petition that their predecessors in title, in March, 1928, conveyed to the City of Atlanta "an easement and right of way" across the lands described, for the purpose of enabling the city to lay certain sewer lines.  Contained in the conveyance was a provision that "this property shall be exempt from the assessment of sewers at" certain described places. It was contended by the plaintiffs, that this provision of the deed

was assented to by the city; that the sewers were laid on the rights of way conveyed, and the deed and its terms were accepted; that this constituted a covenant running with the land; that "through some sort of contract of agency between the city and county" sewers had been laid over such property, "and that a charge of $1.13 per lineal foot would be assessed against them and made a lien against their property;" and that they had been notified that executions would be issued, etc. They sought injunction against the defendants with reference to the enforcement of such assessments, and prayed that the deeds mentioned be construed and so reformed as to state more clearly their right to such exemption. Their action was dismissed on general demurrer.

1. "One council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government." Code, § 69-202. In *Horkan* v. *Moultrie,* 136 *Ga.* 561 (71 S. E. 785), this Code section was applied to a situation where a municipality had by its council sought to make a contract which would obligate the city to furnish "free of charge" certain water supplies for an indefinite time, in consideration of the owner allowing the municipality to lay its sewer through his land. The contract was held ultra vires and void, and it was also held that acceptance and continued use under the contract could not accomplish ratification of it or estop the city from subsequently setting up its invalidity. See *Neal* v. *Decatur,* 142 *Ga.* 205 (82 S. E. 546), where the facts were almost identical with those in the present case; *City Council of Augusta* v. *Richmond County,* 178 *Ga.* 400 (173 S. E. 140); *Screws* v. *Atlanta,* 189 *Ga.* 839 (8 S. E. 2d, 16); *Tarver* v. *Dalton,* 134 *Ga.* 462 (67 S. E. 929, 29 L. R. A. (N. S.) 183, 20 Ann. Cas. 281); *Aven* v. *Steiner Cancer Hospital Inc.* 189 *Ga.* 126, 143 (5 S. E. 2d, 356). The principle so well established in this line of cases seems to be more or less conceded by counsel for the plaintiff; but it is contended that the contract between the municipality and the property owners was executed within the year in which it was made, and that such cases would not apply. This overlooks the vital principle expressed in the Code section cited above, which by its terms was intended to leave the municipal government free to enact appropriate and necessary legislation for whatever might arise in the future. The section condemns ordinances (and we have seen from the cases cited that the

same applies to contracts) which would "prevent free legislation in matters of municipal government." No matter when a contract of *this* nature is executed, if it prevents free legislation it is invalid, as an examination of the cases cited clearly shows.

There was no contention in the present case that the assessments were invalid for any reason, except upon the basis of exemption claimed by the property owners. While the demurrers raised other questions, in view of the fatal infirmity in the petition pointed out above, it is unnecessary to deal with any of them. The demurrers were 'properly sustained.

*Judgment affirmed. All the Justices concur.*