29882. SIMMONS v. CITY OF CLARKESVILLE.

JORDAN, Justice.

Roy Simmons, appellant here, filed suit in the Habersham Superior Court, seeking to enforce an alleged agreement between himself and the City of Clarkesville whereby the city would aid appellant in collecting a $1,000 "tap-on" fee to sewer and water mains constructed by appellant and hooked to the city lines. The appellant sought an injunction "which would order the city to refuse to allow any property owners in the subdivision to hook on

to the sewer and water lines unless appellant was paid a fee."

At the conclusion of the plaintiff's evidence the trial judge granted the city's motion for a directed verdict, holding that (1) the evidence was undisputed as to the city's ownership of the lines; (2) there was insufficient evidence to show that there was an agreement between the city and appellant; (3) that even if there was an agreement between appellant and the city it would be unenforceable as against third parties.

The appellant complains on appeal that the trial court erred in holding that (1) the evidence was insufficient to show an agreement; and (2) that it was error to hold that even if there was an agreement it was invalid as a matter of law.

We have carefully reviewed the record and find that the trial court was correct in holding that the plaintiff had failed to show an agreement, and that even if he had shown such an agreement as was alleged it would be ultra vires and void and the city would not be estopped from denying its validity. Additionally, such an agreement would attempt to bind future governing authorities and would therefore be illegal. Code § 69-202; *Neal v. Town of Decatur,* 142 Ga. 205 (82 SE 546); *Barr v. City Council of Augusta,* 206 Ga. 750 (58 SE2d 820). The mere fact that the city may have operated under some form of agreement with appellant for a period of time does not change the result. *Horkan v. City of Moultrie,* 136 Ga. 561 (71 SE 785).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 24, 1975 — DECIDED JUNE 2, 1975.

*Cathey & Strain, Dennis T. Cathey,* for appellant.
*Adams, Ellard & Frankum, Stephen D. Frankum,* for appellee.