## 35971. BROWN et al. v. CITY OF EAST POINT.

CLARKE, Justice.

Certain police officers brought suit against the City of East Point alleging that the city has failed or refused to appropriate the necessary funds to implement a six-step incremental pay raise mandated by an ordinance adopted by a previous city council. The police officers contend that they and all others similarly situated have a vested right in these pay increases. It is the contention of the city that one city council cannot bind future councils to fund pay increases.

The trial court granted the city's motion for summary judgment and the Court of Appeals affirmed the judgment.

The basic question to be treated is whether the prohibition against one council binding itself or a future council as provided in Code Ann. § 69-202 extends to the factual situation existing in this case. We find that it does.

The history of Code Ann. § 69-202 is a long one having its genesis with the holding of this Court in *Williams v. City Council of West Point,* 68 Ga.816 (1882). The exact language of the Code section is as follows: "One council may not by ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government." For many years, strict construction was given to this rule, and the prohibition was extended to contracts as well as ordinances. *Screws v. City of Atlanta,* 189 Ga. 839 (8 SE2d 16) (1940).

A contract which restricts governmental or legislative functions of a city council has been traditionally held to be a nullity, ultra vires and void even though it may present a trap for the unwary in dealing with municipal corporations. The harsh implications of the statute have been extended through decisions holding that the municipality would not be estopped from asserting the invalidity of such a contract at any time. *Barr v. City Council of Augusta,* 206 Ga. 750 (58 SE2d 820) (1950); *Neal v. Town of Decatur,* 142 Ga. 205 (82 SE 546) (1914). Even ratification by a subsequent council would not serve to validate such an ultra vires contract. *Neal v. Town of Decatur,* supra; *Horkan v. City of Moultrie,* 136 Ga. 561 (71 SE 785) (1911).

As time has passed, however, some confusion has made its way into the application of the prohibition. Contracts made by virtue of express authority granted in the city charter have been held to be outside the prohibition. *City of Summerville v. Georgia Power Co.,* 205 Ga. 843 (55 SE2d 540) (1949); *Williams v. City Council of West Point,* 68 Ga. 816 (1882). "While a municipality is not estopped to deny the validity of a contract wholly beyond its powers, it may be

estopped by the exercise of contractual powers legally vested in it, and even by the exercise of governmental powers, to prevent manifest injustice and wrongs to private persons, where the restraint placed upon a municipality to accomplish that purpose does not interfere with the exercise of governmental powers of the municipality." *City of Summerville v. Georgia Power Co.,* supra, at 846.

Further inroads were made upon the blanket application of Code Ann. § 69-202 during the decade of the 1970's with the result that the parameters of this section are now uncertain. See generally, Sentell, *Binding Contracts in Georgia Local Government Law: Recent Perspectives,* 11 Ga. S. B. J. 148 (1975). Cases decided during the past decade indicate that a council may bind itself although it may not bind its successors. *DeKalb County v. Ga. Paperstock Co.,* 226 Ga. 369 (174 SE2d 884) (1970). It was also held that a future council may be bound by the terms of a contract if that council either approves the terms of the contract or ratifies it. Id. Increasingly, cases have made a distinction between contracts made by a municipality in the exercise of its proprietary function as opposed to its governmental function, the courts allowing more flexibility in contracting in connection with the proprietary functions of a municipality. *Jonesboro Area Athletic Assn. v. Dickson,* 227 Ga. 513 (181 SE2d 852) (1971), and cases cited therein. There is some indication that the question of whether the contract involves a financial obligation on the part of the municipality should be considered in addition to the question of whether the proprietary or governmental functions are involved. *Jonesboro Area Athletic Assn. v. Dickson,* supra, at 518. The case at hand clearly involves both a governmental function and financial obligation.

Some authority can be found for the proposition that public employees can acquire vested rights in various aspects of their employment. *Undercofler v. Scott,* 220 Ga. 406 (139 SE2d 299) (1964); *Deason v. DeKalb County Merit System Council,* 110 Ga. App. 244 (138 SE2d 183) (1964); *City of East Point v. Grayson,* 109 Ga. App. 413 (136 SE2d 434) (1964). Appellants here argue that their interest in a pay raise is a vested right which cannot be divested by the prohibitions of Code Ann. § 69-202. There are distinctions, however, between cases in which vested rights are found and the case now before the court. *Undercofler v. Scott,* supra, and *Deason v. DeKalb County Merit System Council,* supra, involve employee rights specified under the Georgia Merit System Act and the DeKalb County Merit System Act, respectively. Because of this, the employee rights flowed from a relationship which was not based

upon a void or ultra vires act of a city council. *City of East Point v. Grayson,* supra, is a case involving a charter provision establishing classifications of employees under a "civil service" type system which provided for tenure and retirement benefits. There was no provision for future pay increases either by ordinance or by charter in the *Grayson* case. Furthermore, since the charter was an act of the General Assembly of Georgia and not an ordinance adopted by the city council, this could not have been construed as an act of one council in which it was attempting to bind a future council. Therefore, Code Ann. § 69-202 could not be applicable in that case.

The facts of this case differ substantially. The incremental pay raises involved here were part of an ordinance adopted by the city council and not a portion of a charter enacted by the General Assembly of Georgia. We do not find any general law of this state authorizing the application of such an ordinance so as to bind future councils or require appropriation of funds by future councils. In the absence of such a general law, the ordinance, to the extent it binds future councils, is in conflict with Code Ann. § 69-202 and must fall as being ultra vires and void to such extent. In order for a right to be vested, it must first exist; in order for it to exist, it must have been born of a valid contract or law. Since the ordinance being considered here is ultra vires and void, it cannot give birth to a right, and in the absence of such a right, there can be no vesting.

It should also be noted that strictest scrutiny must be given to governmental actions which require increased appropriations or taxes by future governing authorities. The power to tax and the appropriating process are the lifeblood of any government. Their relationship is such that they are almost inseparable since the requirement to appropriate carries with it the corresponding requirement to raise the revenues to fund the appropriation. These powers will not be broadened in the absence of clear and valid enabling legislation. By the same token, the right of future elected officials to carry out the mandate of the electorate by exercising fiscal management must not be limited except by clear and valid legislation. The purpose and effect of the cases which comprise the evolution of this subject matter is to strike a balance in the public interest. On one side of the scale is the practical necessity of long range commitments and fair dealing by the governing authority with persons contracting with a municipality. On the other side is the necessity of a public policy dictating that one governing authority must not be allowed to impose a long term mortgage upon the taxable assets of a political subdivision without clear and valid enabling legislation. If one city council is allowed to establish a series of pay increases extending to the terms of future councils, the

balance of the scale could not be maintained.
*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 11, 1980 — DECIDED JUNE 25, 1980 —
REHEARING DENIED JULY 15, 1980.

*Donna J. Salem,* for appellants.
*George N. Sparrow, Jr.,* for appellee.