## 62557, 62558. BLUE RIDGE TELEPHONE COMPANY v. CITY OF BLUE RIDGE; and vice versa.

McMURRAY, Presiding Judge.

This appeal arises from the trial court's order on opposing motions for summary judgment. The action initially was a complaint for declaratory relief, as well as for a money judgment.

The complaint filed by the City of Blue Ridge alleges it is a

municipal corporation organized and operating under the laws of this state and that in 1959 its city council passed an ordinance which purported to grant to defendant Blue Ridge Telephone Company, a Georgia corporation, a franchise to operate a telephone system within the City of Blue Ridge and to use the public streets, rights-of-way, alleys and other public property for its telephone lines, and equipment until May 15, 1996. The ordinance in question provided for no franchise fee to be paid to the plaintiff city and none has, in fact, been paid. Plaintiff alleges that the ordinance granting the franchise in question is ultra vires and void being inconsistent with the charter of the plaintiff City of Blue Ridge as enacted in Georgia Laws 1935, pp. 928, 954, Section 54 which provides that no such franchise shall be granted for a term of "more than twenty years, nor without compensation to said city . . . which compensation shall be one per cent of the annual gross income received from or on account of said franchise."

The relief sought by the plaintiff City of Blue Ridge was a money judgment equal to 1% of the annual gross income received by defendant Blue Ridge Telephone Company from or on account of the purported franchise for the years 1960 through 1980. The plaintiff presented alternative grounds for the grant of the money judgment in that the defendant had knowledge of the limitations on the powers of the City of Blue Ridge in participating in an act beyond those limitations at its peril and also sought in quantum meruit the reasonable value of the use made of the property of the plaintiff city by the defendant. Plaintiff also sought declarations of the rights and obligations of plaintiff and defendant in regard to the 1959 ordinance purporting to grant the defendant the franchise and its previous and present use of city property by defendant in carrying out its business.

Plaintiff submitted its motion for summary judgment as to the legality of the 1959 ordinance purporting to grant the franchise and as to the liability of defendant to compensate the plaintiff for the use of the city property. Defendant filed its motion for summary judgment as to all issues.

After discovery the trial court entered an order whereby it held that the 1959 ordinance was ultra vires as contrary to the plaintiff's city charter but held that the 20 year and 1% restrictions of the City of Blue Ridge charter, § 54 were repealed by Code Ann. § 69-310 (e) (Ga. L. 1962, pp. 140, 141; later amended by Ga. L. 1973, pp. 778, 779; 1976, pp. 188, 189; 1979, pp. 645, 646). The trial court held that this repeal of these restrictions in conjunction with the acquiescence of the plaintiff in the operation of the telephone company in the City of Blue Ridge on terms which were within the plaintiff's power to grant it a franchise from 1962 until the instant suit was filed, subjected

plaintiff City of Blue Ridge to the rules of estoppel for such period of time so that the plaintiff is estopped to challenge the validity of the subject franchise or contractual relationship as it existed between the parties from 1962 until the instant suit was filed, but since the franchise at the time it was granted was ultra vires and void, which fact was within the imputed knowledge of both parties, the city is not estopped from challenging the validity of the franchise prospectively so that as of the filing of this suit there is no franchise nor contractual relationship between the parties. In all other matters plaintiff's motion for summary judgment was denied, and summary judgment in favor of defendant was granted as to the issue of money damages but denied as to all other matters. Both parties appeal. *Held:*

1. Defendant contends that the franchise is granted by Code § 104-205, not by the municipal ordinance, and the 1959 city ordinance is merely a consent as contemplated by the language of the statute. This statute provides that a telephone company chartered under the laws of this or another state shall have the right to construct, maintain and operate telephone lines, "over the public highways of this State, with the *approval* of the county or municipal authorities in charge of such highways." (Emphasis supplied.)

The distinction which the defendant seeks to draw between an approval under the provisions of Code § 104-205 and the grant of franchise under the city charter of plaintiff is not well taken. The franchise is "[a] special privilege conferred by government on individual or corporation, and which does not belong to citizens of country generally of common right." Black's Law Dictionary, Fourth Edition. The approval contemplated under Code § 104-205 is the same. It is also the conferring of a special privilege allowing the use of the public streets and rights-of-way which does not otherwise belong to individual citizens. We acknowledge the dicta contained in the *City of Macon v. Southern Bell Tel. &c. Co.,* 89 Ga. App. 252, 266 (79 SE2d 265), stating that a telephone company by virtue of the provisions of Code § 104-205 holds a right to use the streets of a municipality by virtue of a franchise from the state. That dicta was unnecessary to the opinion in that case, was unsupported by any citation of Georgia law and we believe incorrect. Nor does § 24 of the city charter of the City of Blue Ridge dealing with powers as to streets, etc., prevail over the provisions of § 54. Section 24 provides that the city shall have the power to regulate or prohibit the use of the streets for telephone poles and other uses and also to compel the telephone company having previously erected poles and wires in said city to remove them to any responsible location designated by the Mayor and Councilmen. We find no conflict between § 24 and § 54 of the charter. Section 54 involves the granting of franchises while § 24,

insofar as it specifically relates to telephone companies, is involved with the regulation of the telephone companies who have presumably been granted franchises under the provisions of § 54. See *Simmons v. City of Clarkesville,* 234 Ga. 530, 531 (216 SE2d 826); *Sutton v. City of Cordele,* 230 Ga. 681, 682 (3) (198 SE2d 856); *Horkan v. City of Moultrie,* 136 Ga. 561 (71 SE 785); *Town of Decatur v. DeKalb County,* 130 Ga. 483 (61 SE 23).

2. Having rejected defendant's contention that § 54 of the charter was not controlling at the time the ordinance in question was passed in 1959 we next must address the question of whether the ordinance in question was ultra vires. The 1959 ordinance, lacking terms imposing the 20 year and 1% restrictions required by § 54 of the charter, is clearly without the terms of the city charter and beyond the power of the plaintiff at that time, therefore ultra vires. This defect involves the attempted exercise of power totally absent from the city charter of plaintiff in that in 1959 it was totally without the city's power to grant a franchise not limited to the 20 year and 1% restrictions. This may be contrasted with the illegal exercise of a granted power as existed in the *City of Summerville v. Ga. Power Co.,* 205 Ga. 843, 846 (55 SE2d 540).

Defendant maintains, however, that Code Ann. § 69-310 (e), supra, breathed life into the defective 1959 ordinance by repealing the requirement for the 20 year and 1% restrictions. However, this is not correct as there is no intent expressed in Code Ann. § 69-310 (e) or any of the remaining portions of that statute (general powers granted all municipal governments) which express an intent that such statute be retrospective in its operation nor act as a ratification for prior acts of the plaintiff. Compare *Hogg v. City of Rome,* 189 Ga. 298 (6 SE2d 48); *Brown v. City of Brunswick,* 210 Ga. 738 (83 SE2d 12).

3. Although Code Ann. § 69-310 (e) failed to breathe life into the 1959 ordinance, it did confer upon the city the power to enter into an arrangement such as that which the 1959 ordinance purported to condone. We agree with the trial court that the acquiescence of the city during the period from the 1962 enactment of Code Ann. § 69-310 (e) to the date of the judgment in the trial court, the city's acquiescence in the use of the city streets and the operation of the telephone system, was sufficient conduct on the part of the city so as to estop it from denying the authority of the defendant to use the city streets during that period. This derives entirely from the conduct of the city after it obtained power to permit use of the city streets in the absence of the payment of the franchise fee of 1% of gross revenues and in no way relates to the 1959 ordinance which both parties knew or should have known was null and void. As the city's acquiescence did not carry any promise, explicit or implicit, that it would allow this fait accompli

to continue for any definite time or for any time into the future whatsoever, we find no basis upon which the city may be restrained from exercising its powers to abrogate this present informal arrangement.

This leaves only the period 1959 to the enactment of Code Ann. § 69-310 (e) in 1962 for discussion. However, since any sum due the city from that period of time has been lost due to the expiration of the statute of limitations, the city is entitled to no money judgment for that period.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MARCH 2, 1982.

*Trammell E. Vickery, James A. Gilbert, William B. B. Smith,* for appellant.

*Frederick E. Link,* for appellee.