## 64586. GEORGIA PRESBYTERIAN HOMES, INC. v. CITY OF DECATUR.

McMURRAY, Presiding Judge.

In the late 1960's, Decatur area Presbyterians began negotiating with the Decatur City Commission (plaintiff/appellee) for the construction of a retirement home in that city, to be known as the Philips Presbyterian Tower. Because the retirement home would be beneficial to the city, plaintiff was willing to make a number of concessions, including rezoning the land purchased for the site of the building, granting an easement to a narrow strip of city property for parking purposes, waiving certain parking requirements and waiving a heating permit fee of about $4,000. In 1970, a building permit was issued to Georgia Presbyterian Homes, Inc. (defendant/appellant, a corporation formed earlier that year to build and operate the retirement home).

Defendant had sought an exemption from ad valorem taxes, but plaintiff was unwilling to grant the exemption. On December 31, 1970, defendant sent a letter to plaintiff, addressing, among other things, the ad valorem tax issue. Defendant proposed that it "pay to the City in lieu of ad valorem taxes a reasonable annual amount that would be based on the number of apartment units in the facility," while, at the same time, maintaining its position that the property was exempt from the taxes. The letter specifically offered an annual payment of $22,500 in lieu of ad valorem taxes, beginning in 1972.

Plaintiff replied by letter on February 11, 1971, stating that "[t]he assessment of ad valorem taxes for the year 1971 will be waived" and "[a]n amount of $27,000 as payment in lieu of ad valorem taxes for the year 1972 would be acceptable" as "fair and equitable." Defendant accepted these terms by letter dated March 18, 1971, and further stated that it hoped plaintiff "would consider annual payments of $22,500 to be an appropriate amount" thereafter. Defendant also continued to maintain that it believed the property should be exempt from ad valorem taxes.

Defendant paid plaintiff $27,000 in lieu of ad valorem taxes each year from 1972 to 1977. In 1978, defendant tendered only $13,500 and it tendered nothing thereafter. Plaintiff brought this breach of contract action against defendant in 1980. The case was tried without

a jury, and the trial court found for plaintiff, awarding it $94,500 ($13,500 for 1978 and $27,000 for 1979, 1980 and 1981). Defendant appeals. *Held:*

In its conclusions of law, the trial court determined that plaintiff and defendant were parties to a contract whereby defendant would pay "in lieu of ad valorem taxes . . . the amount of $27,500 [sic] per year." We find that a contract was indeed created, but only implicitly.

The documents making up the written contract between plaintiff and defendant consisted of the three letters referred to in the statement of facts above. The December 31, 1970 letter was clearly an offer by defendant to pay plaintiff $22,500 annually in lieu of ad valorem taxes. This offer was not accepted by plaintiff. Instead, plaintiff responded with a counteroffer in its February 11, 1971 letter that it would accept "$27,000 as payment in lieu of ad valorem taxes for the year 1972." No reference was made to subsequent years. Defendant expressly accepted the counteroffer in its March 18, 1971 letter and it again offered "annual payments of $22,500" in lieu of ad valorem taxes. Plaintiff never expressly accepted this offer.

Although there appears no agreement in writing that plaintiff would continue to accept from defendant a "reasonable annual amount" in lieu of ad valorem taxes, the conduct of the parties manifests at least an implicit agreement that this would be mutually acceptable. This is evidenced by the fact that in each year from 1973 to 1977, defendant tendered, and plaintiff accepted, $27,000, and no ad valorem taxes were assessed against the property in those years. From this evidence, the trial court not only found that plaintiff and defendant had agreed to annual payments in lieu of the taxes, but also that they agreed that the payments would be $27,000.

We need not address this latter conclusion directly, however, because we disagree with a more fundamental conclusion by the trial court, that is, that the agreement is not void as violative of Code § 69-202. Code § 69-202 (now OCGA § 36-30-3) provides: "One council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government." This is a codification of the principle enunciated in *Williams v. City Council of West Point,* 68 Ga. 816. Case law has established long ago that, under this section (or its predecessors numerically), a city council not only cannot bind itself and its successors beyond the current term by ordinance, it generally also cannot do so by contract. See, e.g., *Screws v. City of Atlanta,* 189 Ga. 839 (2) (8 SE2d 16); *Horkan v. City of Moultrie,* 136 Ga. 561 (1) (71 SE 785). In *Ledbetter Bros. v. Floyd County,* 237 Ga. 22, 24 (4) (226 SE2d 730), the Supreme Court stated that Code § 69-202 "prohibits, as ultra vires, the enactment of ordinances or the execution of contracts which are effective beyond

the term of the commissioners then in office." The court further stated at page 24 that "the determining factor is whether the contract will be completed within the term of the commissioners." See also, e.g., *Brown v. City of East Point,* 246 Ga. 144 (268 SE2d 912), affg. s.c., 152 Ga. App. 801 (264 SE2d 267); *Aven v. Steiner Cancer Hospital,* 189 Ga. 126, 127 (5) (5 SE2d 356).

On the basis of these authorities, we hold that any agreement reached by plaintiff that it would accept a reasonable annual amount from defendant in lieu of ad valorem taxes was void as an ultra vires act because the effect of the agreement would be to bind successive city commissions indefinitely. See generally *Simmons v. City of Clarkesville,* 234 Ga. 530 (216 SE2d 826). The result of this agreement being void is that no legal contract exists between plaintiff and defendant regarding ad valorem taxes or payments in lieu thereof, nor did any such contract exist during the time period relevant to this lawsuit. Plaintiff thus cannot recover on the basis of the agreement.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 25, 1983 —
REHEARING DENIED FEBRUARY 10, 1983 —

*Edward S. White,* for appellant.
*Thomas O. Davis, A. Joseph Nardone, Jr.,* for appellee.