39706. CITY OF DECATUR v. GEORGIA PRESBYTERIAN HOMES, INC.

PER CURIAM.

The Court of Appeals found that an implied contract between the City of Decatur and Georgia Presbyterian Homes, Inc., was ultra vires and void under OCGA § 36-30-3 (formerly Code § 69-202).[1] *Georgia Presbyterian Homes, Inc. v. City of Decatur,* 165 Ga. App. 395 (299 SE2d 900) (1983).

We granted certiorari to determine the applicability of OCGA § 36-30-3 (Code Ann. § 69-202) to a contract fully executed by the city, where the only remaining obligations were owed to the city by the other party to the contract, and the party with obligations remaining relied upon the Code section which was enacted for the protection of the city.

After plenary consideration, we find that because there was no agreement as to the annual sum to be paid beyond the year 1972, no contract existed here,[2] OCGA § 13-3-2 (Code Ann. § 20-108), and hence the judgment of the Court of Appeals should be affirmed notwithstanding the possible inapplicability of OCGA § 36-30-3 (Code Ann. § 69-202).

*Judgment affirmed. All the Justices concur, except Weltner, J., who concurs in the judgment only.*

Decided July 7, 1983 —
Rehearing denied July 21, 1983.

---

[1] OCGA § 36-30-3 (Code Ann. § 69-202). provides: "One council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government."

[2] The fact that Presbyterian Homes expected to pay some amount to be agreed upon, and did pay a certain amount annually for several years, does not show an agreement by it to pay, or by the city to accept, that amount.

*Thomas O. Davis, A. Joseph Nardone, Jr.,* for appellant.
*Edward S. White,* for appellee.