**CITY OF ATLANTA,**
Plaintiff-Appellant,

v.

**BRINDERSON CORPORATION,**
Defendant-Appellee.

No. 86–8156
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 24, 1986.

David R. Hendrick, R. David Ware, Atlanta, Ga., for plaintiff-appellant.

Rebecca B. Ransom, Robert M. Fitzgerald, Randall C. Allen, Vienna, Va., for defendant-appellee.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

**PER CURIAM:**

The City of Atlanta sought a stay of arbitration and a declaratory judgment to avoid the express contractual requirement to arbitrate disputes concerning a contract for the construction and renovation of a wastewater treatment plant.

■ For the reasons set forth in the opinion of the district court, attached hereto as an Appendix, we hold that the City of Atlanta has the power to enter into a binding agreement in construction contracts to submit to arbitration disputes under the contract.

■ The provision in Georgia law which prevents one city council from binding by ordinance its successors "so as to prevent free legislation in matters of municipal government" (O.C.G.A. § 36–30–3) does not apply to construction contracts, which typically extend beyond the term of the office entering into the contract for the municipality.

The grant of summary judgment to the contractor defendant which sought to enforce the arbitration clause in the contract is correct.

AFFIRMED.

## APPENDIX

### CIVIL ACTION NO. C85–4581A

#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE NORTHERN DISTRICT OF GEORGIA

#### ATLANTA DIVISION

Jan. 23, 1986

#### ORDER

The above-styled matter is presently before the court on plaintiff's application for stay of arbitration, and on cross motions for summary judgment by plaintiff and defendant.

Plaintiff City of Atlanta ("the City") and defendant Brinderson Corporation ("Brinderson") entered into, on February 16, 1981, a contract, drafted by the City, for the construction and renovation of a wastewater treatment plant. The contract contained a provision, identified as Special Condition 13, *Arbitration,* which provided for the arbitration of any "controversy or claim arising out of or relating to this contract ... in accordance with the construction industry arbitration rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof."

In September, 1984, Brinderson made a claim against the City for damages resulting from certain delays, disruptions, and/or accelerations, allegedly the responsibility of the City. The parties were unable to resolve the disputes by mutual agreement, as dictated by the contract. Thus, Brinderson filed two demands for arbitration with the American Arbitration Association. The first demand alleges claims totaling $331,460.00. The second demand alleges claims totaling $14,343,537.00.

The parties were notified by the American Arbitration Association that they had until October 21, 1985, to answer, counterclaim, and/or engage in procedures for the selection of arbitrators. At the request of the City, the deadline was extended to November 11, 1985. However, on November 7, 1985, the City informed Brinderson that it contested the validity of the arbitration provision in the contract, and was filing, in the Superior Court of Fulton County, an application for stay of arbitration and civil action for declaratory judgment. The action was transferred subsequently to this court.

The City bases its grounds for relief upon two theories, namely: 1) that it was beyond the express and/or implied powers of the City Council to agree to arbitrate contract disputes, and that 2) under OCGA § 36–30–3, the former City Council which, in 1981, entered into the agreement with Brinderson, had no power to bind the present City Council to arbitration. Accordingly, the City contends, to the extent the contract included an arbitration clause, it was ultra vires and therefore void and unenforceable.

Brinderson contends that the Charter of the City of Atlanta § 1–102 provides the City with express powers to agree to arbitrate contract disputes, and/or that the right to arbitrate is implied from the City's inherent and expressly authorized right to contract.

The City submits that, under the recent decision of *Local Division 732, Amalgamated Transit Union v. Metropolitan Atlanta Rapid Transit Authority*, 253 Ga. 219, 320 S.E.2d 742 (1984) ("*MARTA*"), the City lacked authority to enter into an agreement to submit future disputes to binding arbitration, that the agreement to arbitrate was thus invalid, and that the arbitration clause must be revoked.

However, the arbitration provision in *MARTA* was part of a collective bargaining agreement, and, under Georgia law, local governmental entities are not permitted to bargain collectively with employees. Thus, the court held that, without express statutory authorization, MARTA's consent to arbitrate the terms of a collective bargaining agreement was an unlawful delegation (to arbitrators) of legislative authority. *MARTA*, 253 Ga. at 222, 320 S.E.2d 742. The court held the agreement a nullity, and therefore ultra vires, inasmuch as there was no statutory authority allowing MARTA to arbitrate, and in fact, such was expressly prohibited by statute. *MARTA*, 253 Ga. at 221, 320 S.E.2d 742.

■ The general rule is that, in the absence of statutory prohibition, a municipal corporation has the power to submit both present and future disputes to arbitration. Annot. 20 A.L.R.3d 569, 572 (1968); 5 Am.Jur.2d, *Arbitration & Award* § 68, pp. 569–571 (1962). Such a power is incident to its capacity to contract or make settlements, and its powers to sue and be sued. *See generally* McQuillin, 17 *Mun.Corp.* § 48.20 (3d ed.); *City of Hartford v. American Arbitrators Ass'n.*, 174 Conn. 472, 391 A.2d 137 (1978); *E.E. Tripp Excavating Contractor, Inc. v. The County of Jackson, Michigan*, 60 Mich.App. 221, 230 N.W.2d 556 (1975).

As a general proposition, municipal corporations have, unless specially restricted, the same powers to liquidate claims and indebtedness that natural persons have, and from that source proceeds power to adjust all disputed claims, and when the amount is ascertained to pay the same as other indebtedness. It would seem to follow therefrom that a municipal corporation, unless disabled by positive law, could submit to arbitration all unsettled claims with the same liability to perform the award as would rest upon a natural person, provided of course, that such power be exercised by ordinance or resolution of the corporate authorities.

*District of Columbia v. Bailey*, 171 U.S. 161, 18 S.Ct. 868, 43 L.Ed. 118 (1897).

■ The Charter of the City of Atlanta § 1–102 provides: "The City of Atlanta ... may contract and be contracted with; may sue and be sued, and plead and be impleaded in all courts of law and equity and in all action whatsoever ..." Thus, it is within the City's express powers to contract and to sue and be sued. The power to arbitrate is ascribed to the capacity to contract. Accordingly, the City has the incident and necessarily implied power to arbitrate.

■ Furthermore, in Georgia, there exists no statutory prohibition preventing, in this situation, arbitration by a municipality. In fact, the Georgia Arbitration Code for Construction Contracts, OCGA § 9–9–80 *et seq.*, specifically authorizes arbitration in construction contracts. OCGA § 9–9–81 provides, in part, that the Georgia Arbitration Code for Construction Contracts is "the exclusive means by which agreements to arbitrate disputes arising under such contracts can be enforced."

Although the statute neither includes nor excludes municipal corporations from its reach, the Supreme Court of Georgia, in *Camp v. City of Columbus*, 252 Ga. 120, 311 S.E.2d 834 (1984), stamped its basic approval of arbitration agreements upon municipal contracts. The court, applying OCGA § 9–9–80 *et seq.*, found an arbitration provision of the parties' sanitary landfill contract valid and enforceable.

Thus, it is clearly within the implied powers of the City to enter into arbitration agreements, and there is no statutory prohibition against such.

The City maintains however, that the former City Council had no power to bind the present City Council to arbitrate the contract dispute.

OCGA § 36–30–3 provides: "One council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government."

This provision has a long and tumultuous history. Although once strictly construed (whereby any contract restricting any governmental or legislative function of a city was declared void), the statute has now, uncertain parameters. *See* Sentell, "Binding Contracts in Georgia Local Government Law: Recent Perspectives", 11 Ga.S.B.J. 148 (1978). However, the Supreme Court of Georgia has shown an increasing liberalization of the statute.

> If the rule of [OCGA § 36–30–3] be too rigidly applied, there would be few contracts which municipalities in this State could legally enter into, since contracts, by definition, must be binding, and many of them, to be practical and effective, must extend beyond the existing councils' terms because of the nature of their subject matter.

*Jonesboro Athletic Ass'n. v. Dickson,* 227 Ga. 513, 518, 181 S.E.2d 852 (1971).

The weight of authority in Georgia holds that a municipal corporation may make a valid contract extending beyond the term of the officers entering into the contract for the municipality. *Jonesboro,* 227 Ga. at 518, 181 S.E.2d 852; *Horkan v. City of Moultrie,* 136 Ga. 561, 71 S.E. 785 (1911). In *Brown v. City of East Point,* 246 Ga. 144, 268 S.E.2d 912 (1980), the Supreme Court of Georgia held that the prohibition contained in OCGA § 36–30–3 does not apply to contracts made by virtue of express authority granted in city charters.

Considering the fact that the City has the necessarily implied power to arbitrate,

stemming from its express powers to contract and sue, the court finds that OCGA § 36–30–3 is inapplicable under the circumstances of this case.

Accordingly, the arbitration provision contained in the contract between the City and Brinderson is binding and enforceable. The plaintiff's application for stay of arbitration is denied, and the plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted.

SO ORDERED, this 22 day of January, 1986.

/s/ G. Ernest Tidwell.
G. ERNEST TIDWELL
Judge, United States
District Court