S10G1687. CITY OF McDONOUGH v. CAMPBELL.
(710 SE2d 537)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *City of McDonough v. Campbell*, 304 Ga. App. 428 (696 SE2d 150) (2010), to determine whether an employment agreement between the City of McDonough and James Campbell binds a successor municipal council in violation of OCGA § 36-30-3 (a). We hold that it does and

reverse the judgment of the Court of Appeals.

In August 2005, the city, with Mayor Richard Craig at the helm, passed a resolution authorizing and approving contracts with certain employees, including Campbell, who was employed as the city's chief building inspector. The contracts provided that they were to be renewed automatically each year unless the city took affirmative action to terminate them, in which case the employees would be entitled to 12 months salary as severance pay, plus insurance and retirement benefits. They also provided that, if they were to be terminated, a vote authorizing termination would have to be taken "on or before October 30 during the calendar year at the end of which the contract is to terminate."

On January 2, 2006, Mayor Billy Copeland succeeded Craig, and several new council members took office. Five months later, the city declared the contracts null and void. Thereupon, Campbell demanded severance pay in the amount of $55,432. When the city refused to pay Campbell under the contract, he brought suit.

Following a jury trial, judgment was entered in favor of Campbell. The city moved for judgment notwithstanding the verdict. The trial court denied the city's motion, and the city appealed. The Court of Appeals affirmed, holding, inter alia, that the contract did not violate OCGA § 36-30-3 (a)'s prohibition against binding successor councils.

1. OCGA § 36-30-3 (a) provides: "One council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government." This prohibition applies equally to both the enactment of ordinances and the execution of governmental contracts. *Ledbetter Bros. v. Floyd County*, 237 Ga. 22, 24 (226 SE2d 730) (1976). The intent of the prohibition is to allow future municipal governments to legislate freely in matters such as operating budgets. *Brown v. City of East Point*, 246 Ga. 144, 146 (268 SE2d 912) (1980); *Horkan v. City of Moultrie*, 136 Ga. 561, 563 (71 SE 785) (1911). To the extent that a governmental contract impinges on a municipality's ability to legislate freely, the contract is ultra vires and void. *Screws v. City of Atlanta*, 189 Ga. 839 (8 SE2d 16) (1940). As Justice (later Chief Justice) Clarke observed so eloquently in *Brown*, supra at 146-147:

> [S]trictest scrutiny must be given to governmental actions which require increased appropriations or taxes by future governing authorities. The power to tax and the appropriating process are the lifeblood of any government. Their relationship is such that they are almost inseparable since the requirement to appropriate carries with it the corresponding requirement to raise the revenues to fund the

appropriation. These powers will not be broadened in the absence of clear and valid enabling legislation. By the same token, the right of future elected officials to carry out the mandate of the electorate by exercising fiscal management must not be limited except by clear and valid legislation. The purpose and effect of the cases which comprise the evolution of this subject matter is to strike a balance in the public interest. On one side of the scale is the practical necessity of long range commitments and fair dealing by the governing authority with persons contracting with a municipality. On the other side is the necessity of a public policy dictating that one governing authority must not be allowed to impose a long term mortgage upon the taxable assets of a political subdivision without clear and valid enabling legislation. If one city council is allowed to establish a series of pay increases extending to the terms of future councils, the balance of the scale could not be maintained.

Here, the employment contract between the city and Campbell restricts the ability of a successor council to terminate Campbell's employment and to enter an agreement with others because the severance provision renders the cost of terminating the contract exorbitant. See generally *Marlowe v. Colquitt County*, 278 Ga. App. 184, 186 (628 SE2d 622) (2006) (substantial cost of "buy out" clause in county administrator's contract restricted ability of county commissioners to sever administrator's contract). It follows that Campbell's employment contract with the city violates OCGA § 36-30-3 (a).

2. The Court of Appeals held that Campbell's employment agreement fell within an exception to OCGA § 36-30-3 (a), to wit: that it was expressly authorized by the charter enacted by the General Assembly, Ga. L. 1981, p. 3387. We disagree. A city can, of course, bind itself by entering into a contract it is empowered to make under its charter. *Williams v. City Council of West Point*, 68 Ga. 816 (1882). However, a city's power to enter a contract is not unlimited. See *Precise v. City of Rossville*, 261 Ga. 210, 211 (403 SE2d 47) (1991). In this case, the charter authorizes the city to establish positions of employment, enter into contracts of employment with private persons, and establish pay plans for city employees; it falls far short of expressly authorizing automatically renewable contracts containing substantial severance packages which have the effect of binding the hands of successor councils.

3. The Court of Appeals also ruled that Campbell's employment contract did not violate OCGA § 36-30-3 (a) because it was for a

reasonable length of time. In this regard, the appellate court reasoned that the contract would have continued for less than one year following cancellation since a vote authorizing cancellation would have to be made on or before October 30 of the year at the end of which the contract would be cancelled. Again we disagree.

Although " '[t]he weight of authority sustains the doctrine that a municipal corporation may make a valid contract to continue for a *reasonable* time beyond the official term of the officers entering into the contract,' " *Jonesboro Area Athletic Assn. v. Dickson*, 227 Ga. 513, 518 (181 SE2d 852) (1971), what is considered to be a reasonable length of time differs upon the circumstances of each case. Id.

> Increasingly, cases have made a distinction between contracts made by a municipality in the exercise of its proprietary function as opposed to its governmental function, the courts allowing more flexibility in contracting in connection with the proprietary functions of a municipality. *Jonesboro Area Athletic Assn. v. Dickson*, [supra], and cases cited therein. There is some indication that the question of whether the contract involves a financial obligation on the part of the municipality should be considered in addition to the question of whether the proprietary or governmental functions are involved. *Jonesboro Area Athletic Assn. v. Dickson*, supra, at 518. The case at hand clearly involves both a governmental function and financial obligation.

*Brown v. City of East Point*, supra at 145.

As in *Brown*, the contract at issue is both governmental and financial. That being so, the reasonableness of the contract is not determined solely by the length of time it continues beyond the term of the officers entering into the contract. Rather, under the circumstances of this case, we must also consider whether the contract places a substantial financial obligation on the part of the city. Because the contract is renewed automatically and the severance package requires the city to pay Campbell his salary and benefits for an entire year after the year in which the contract is terminated, we hold that the contract is ultra vires and void.

*Judgment reversed. All the Justices concur.*

DECIDED May 31, 2011.

*Elarbee, Thompson, Sapp & Wilson, Richard R. Gignilliat, Amy S. Auffant*, for appellant.

*Power, Jaugstetter & Futch, Warren R. Power, Patrick D. Jaug-*

*stetter*, for appellee.

*Susan J. Moore, Ted C. Baggett, Rusi C. Patel*, amici curiae.