23845.   McELMURRAY et al. v. RICHMOND COUNTY et al.

ARGUED DECEMBER 13, 1966—DECIDED JANUARY 5, 1967—
REHEARING DENIED JANUARY 19, 1967.

*Cumming, Nixon, Eve, Waller & Capers, Joseph B. Cumming,* for appellants.

*Franklin H. Pierce, Jay M. Sawilowsky,* for appellees.

NICHOLS, Justice. 1. The motion to dismiss the appeal as being moot is without merit inasmuch as the contract which the plaintiffs seek to have declared void, if valid, would continue in operation for a period of years in the future.

2. Walter W. McElmurray and others brought the present action to enjoin construction of a public building without bids as required by *Code* § 23-1702, and seeking to have a contract declared void as being contrary to named constitutional and statutory requirements. Named as party defendants were Richmond County, the county commissioners, county treasurer and the contractor. The thrust of the plaintiffs' case is that the land on which the building is to be located is county property by virtue of *Code* § 91-601 although record title is in the contractor, and that the agreement, though designated as a lease, is in reality a contract for the erection of a building on county property. It is also contended that, if the contract be construed as a lease, it creates a debt without the approval of voters and binds future governing authorities of the county in contravention of *Code* § 69-202. The evidence adduced upon the hearing for an interlocutory injunction showed that the contractor had purchased the land from a third party with borrowed funds and executed a deed to secure debt which placed title to the disputed land in the lender. The grantee of such deed to secure debt was not an original party to the case, and while by proper amendment he could have been made a party (*Code* § 37-1005), in the absence of such an amendment an indispensable party was lacking, since in order for the plaintiffs to prevail on this theory of their case a finding would be required that title to the real estate was in the county, thus impairing the grantee's title. *Code* § 37-1004; *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524) ; *Assurance Co. of America v. Southeastern Brick Co.,* 222 Ga. 638 (151 SE2d 708), and citations.

3. The expenditures for the building in the case sub judice, to be used as office space, etc., for the Department of Family and Children's Services, the successor to the County Depart-

ment of Public Welfare, is a purpose for which the county is allowed, even required, to expend funds. See Ga. L. 1937, pp. 355, 366 as amended (*Code Ann.* § 99-508). And it can not be said that the mere rental of real estate is itself beyond the authority of the governing body of the county.

4. It is contended that under *Code* § 69-202 which is applicable to counties as well as cities (*Aven v. Steiner Cancer Hospital*, 189 Ga. 126 (5 SE2d 356)), the lease is void as it binds the future governing authorities of Richmond County and thus prevents free legislation with reference to the subject matter, and that the lease creates a debt without the approval of the voters as is required by Art. VII, Sec. VII, Par. I of the Constitution (*Code Ann.* § 2-6001).

In *Macon Ambulance Service v. Snow Properties*, 218 Ga. 262 (127 SE2d 598), it was shown that where the continued existence of the contract is based upon the continued approval of the public authority making the contract, then such a contract does not clash with the constitutional and statutory prohibition pointed out above, but where the effect of the contract results in creating a debt, other than to supply casual deficiencies, without the approval of the voters and binds the future governing authorities the contract is void from its inception. See *Barwick v. Roberts*, 188 Ga. 655 (4 SE2d 664), for a thorough discussion of the prohibitive contracts and their effects.

The contract here shows on its face that it creates a debt payable each year for ten years without the approval of the voters and also binds future governing authorities without their approval contrary to constitutional and statutory authorities shown above. Thus the contract was void from its inception and the trial court erred in denying the plaintiff's prayers for temporary injunction.

*Judgment reversed. All the Justices concur.*