66955. CHATHAM COUNTY COMMISSIONERS v. SEABOARD COAST LINE RAILROAD COMPANY.

SOGNIER, Judge.

The Chatham County Commissioners (County) sued Seaboard Coast Line Railroad Company (Railroad) to recover $8,400 spent by the County in resurfacing a street approach to one of the Railroad's tracks. The parties agreed to trial upon stipulation of facts. The trial court found in favor of the Railroad and the County appeals.

The resurfacing occurred after appellee upgraded a railroad track intersecting appellant's street, which crossed land owned by appellee. Although no significant disparity existed between track and street pavement after the upgrading, appellant spent the money for additional "feathering" of the street approach. An easement agreement, entered into by appellant and appellee's corporate predecessors in 1933, allowed appellant to maintain a road across the railroad track on appellee's property subject to certain conditions. The easement provided that appellee could "lay and construct railroad tracks across said herein leased land at such points as it may desire" and in the event appellee should so construct, that appellant "shall pay all costs and expenses, including labor and material of installing and maintaining suitable and proper crossings over such tracks. . . ."

1. Appellant contends the trial court erred by ruling in favor of

appellee, arguing that the 1933 easement violated the provisions of OCGA § 36-30-3 (a) (Code Ann. § 69-202) by illegally binding subsequent commissions by its terms. Appellant particularly notes as erroneous the trial court's application of *Hancock County v. Williams,* 230 Ga. 723 (198 SE2d 659) (1973). We disagree with appellant and find *Hancock* determinative of this issue.

The easement entered into by the parties was for the purpose of providing access over appellee's land and it was within appellant's authority to so contract. OCGA § 32-4-42 (Code Ann. § 95A-402). The contract was not one for a definite time in the future but constituted a continuing offer by appellee for appellant to use the land subject to certain terms. Appellant could have terminated the contract at any time by discontinuing its use of the street but did not do so. So long as the contract was not cancelled, it was operative and binding *Hancock,* at 724-725. Because the easement falls clearly within the exception provided in *Hancock,* the easement does not violate OCGA § 36-30-3 (a) (Code Ann. § 69-202).

2. Appellant contends that the easement is void under OCGA § 36-30-3 (a) (Code Ann. § 69-202) because the easement agreement is the type of contract normally covered in OCGA § 36-30-3 (b) (Code Ann. § 69-202), but due to the fact that appellant is not within the delineated population limits, OCGA § 36-30-3 (b) (Code Ann. § 69-202) does not operate to except the agreement from the provisions of subsection (a). We do not agree. OCGA § 36-30-3 (b) (Code Ann. § 69-202) speaks specifically to "the ownership, maintenance, construction, or reconstruction of street overpasses and underpasses of railroad properties" and is, therefore, inapplicable to an easement involving grade crossings.

3. Appellant further argues that appellee is responsible for the resurfacing costs under OCGA § 32-6-191 (a) (Code Ann. § 95A-1007). We disagree. The statute provides: "Where a new grade crossing results from the construction of a new or relocated railroad line, the railroad shall be responsible for and bear all expenses of the construction of such grade crossing." The statute by its language applies only to new grade crossings and is inapplicable here where there is neither a new nor a relocated railroad line.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 31, 1984 —

*Fred S. Clark, Oliver Hunter,* for appellant.

*Malcolm R. MacLean, S. Saunders Aldridge,* for appellee.