## 45621. WILSON et al. v. SOUTHERLAND et al.

(371 SE2d 382)

CLARKE, Presiding Justice.

This case places before us questions relating to the duty of the county government to finance a portion of the functions of the district attorney's office and the nature of the judicial review to be applied to the controversy. The trial court found the Gordon County Commission did not act unlawfully in reducing its appropriation to the district attorney's office. We affirm.

The district attorney of the Cherokee Circuit sued the commissioners of Gordon County asking a restoration of the cuts to the budget of his office. During the fiscal year of 1986-87, Gordon County appropriated $48,118 to the district attorney's office. The next year, the district attorney requested $72,333 but the commissioners approved only $7,700. In declining the relief sought by the district attorney, the trial court recited its findings respecting the needs of the district attorney's office and the consideration given to those needs by the county commissioners. The court concluded that the district attorney was entitled to judicial relief only if the commissioners grossly abused their discretion in appropriating funds.

In his appeal, the district attorney argues that the trial court erred for two primary reasons. He contends the county is obligated to appropriate funds for the compensation of an additional assistant district attorney because of a local act of the legislature. He also asserts that the court in the exercise of its inherent power should require the county commission to appropriate the funds requested because the failure to do so will result in the inability of the courts to carry out their public duties.

1. Georgia Laws 1986, p. 4401, authorizes the district attorney to employ an additional assistant district attorney compensated from the funds of the counties comprising the Cherokee Circuit. This authority is conditioned upon prior consent of the governing authority of each of the counties. The district attorney takes the position that because the counties consented to the employment of the additional district attorney in previous years, the obligation to compensate the

assistant continues. We disagree. The appropriating process is a legislative function and the law prohibits a local governing authority from binding itself or its successors so as to prevent free legislation. OCGA § 36-30-3 (a). *Southern Airways v. DeKalb County,* 102 Ga. App. 850 (118 SE2d 234) (1960). *McElmurray v. Richmond County,* 223 Ga. 47 (153 SE2d 427) (1967).

2. Strictly speaking, the operation of the district attorney's office is not a judicial function; however, its impact on the judicial system is so direct and substantial that it takes on constitutional overtones. The constitutional policy of this state requires speedy, efficient and inexpensive resolution of disputes and prosecutions. Ga. Constitution of 1983, Art. VI, Sec. IX, Par. I. This policy casts upon the courts the duty to ensure that crimes are speedily and efficiently prosecuted and that indigent defendants are effectively defended. Adequate funding of these functions thus becomes constitutionally mandated. This then raises the questions of which level of state government has the duty to fund these functions and what happens when the governing authority defaults in that duty.

We look first to the statute books for an answer. OCGA § 15-18-20 allows district attorneys to employ additional personnel as may be provided for by local law or as may be authorized by the governing authority of the county or counties comprising the judicial circuit. This section also burdens the counties with the responsibility of funding the employment of such personnel. No local law exists here except as discussed in division one. OCGA § 15-18-23 requires the county or counties comprising each judicial circuit to provide all offices, utilities, telephone expenses, materials and supplies necessary for an orderly and efficient district attorney's office.

Although the court sympathizes with the argument that the district attorney is a state officer who performs state duties, we are unable to conclude that the legislature overstepped its prerogatives in placing these financial burdens upon the counties.

This then brings the case to the point of deciding whether the county commissioners failed to carry out duties placed upon them by the law and the constitution, and, if so, whether the courts have power to enforce the performance of those duties. We have answered this question by saying that the refusal by county commissioners to provide for essential functions of the court amounts to an abuse of authority on the part of the commissioners and authorizes the court to exercise its inherent power to issue a writ of mandamus. However, in reaching this conclusion, we emphasized the caution the courts must use in exercising inherent powers. *Grimsley v. Twiggs County,* 249 Ga. 632 (292 SE2d 675) (1982). We now proceed to apply that holding to the case before us. The trial court reviewed the problems faced by the office of the district attorney and the attention to the

problems by the county commissioners. After doing so, the trial court denied the mandamus. Reviewing the facts in this case in light of the stated policy of caution in asserting the court's inherent power, we do not find that the trial court committed error. This conclusion does not dictate that a different result in the trial court would necessarily have been error.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents as to Division 2 and the judgment.*

SMITH, Justice, dissenting.

I dissent because the *drastic cut* in the appropriation for the district attorney was a gross abuse of discretion on the part of the commissioners.

I agree with Division 1 of the majority opinion, but I would reverse based on the commissioners' gross abuse of discretion.

DECIDED SEPTEMBER 7, 1988.

*Barnes, Browning, Tanksley & Casurella, Thomas J. Browning,* for appellants.
*William P. Bailey,* for appellees.