A89A1747, A89A1748. MADDEN et al. v. BELLEW et al.; and vice versa.
(393 SE2d 31)

Pope, Judge.

Plaintiffs, members of the Madison County Board of Commissioners (hereinafter "Board"), brought suit against William C. Madden, Chairman of the Board, after a dispute arose between the parties over appointment of the county attorney.

The record shows that Lane Fitzpatrick was appointed county attorney in 1985. At that time the Board was composed of two members and a Chairman, all of whom were elected in a county-wide election and all of whom had the right to vote. 1965 Ga. L., p. 2667, §§ 1 & 7. In 1988 the law was amended so as to provide for a five-member Board elected from single member districts, with a Chairman elected from the county at large. 1988 Ga. L., p. 4692, § 1. The Chairman is the only full-time employee of the Board and is authorized to vote only in the event of a tie. Id. at § 2, amending section 7.

The present Board was elected in 1988 and took office in January 1989. One of the Commissioners requested that the county attorney be discussed at the January 24, 1989 meeting of the Board. At that time the Chairman presented some background information on the county attorney and explained the selection process. Specifically, the Chairman stated that the county attorney was selected by the chairman with the approval of the Board and that the position was not approved on an annual basis. The Chairman then recommended that Lane Fitzpatrick be retained as county attorney. This recommendation was defeated by a three-to-two vote.

At the January 28, 1989 meeting of the Board, a member of the audience raised the question of the county attorney. At that time the Chairman indicated that Lane Fitzpatrick was still county attorney because he had not been dismissed for cause. At the March 14 meeting of the Board plaintiffs moved that someone else be elected as county attorney. The Chairman ruled the motion out of order on the basis "that the Board does not have the authority to hire the County Attorney and . . . that Lane Fitzpatrick is the County Attorney . . . until he is dismissed for cause."

Commissioners Bellew, Berryman and Hutchins instituted the present action on March 15, 1989. On May 8, 1989, the trial court issued an order finding that: 1) the Chairman had the authority to appoint the county attorney with the approval of the Board; 2) the

county attorney's appointment expired simultaneously with the term of office of those who appointed him; and 3) plaintiffs were entitled to $1,600 in attorney fees. *Held*:

### Case No. A89A1748

1. In their cross-appeal plaintiffs contend that the trial court erred in finding that a majority of the members of the Board could not unilaterally hire a county attorney. In relevant part, 1988 Ga. L., p. 4692, § 2, amending section 7 provides as follows: "A majority vote of the entire board will control the determination of all policies of the board. The chairman shall be the executive administrator of all policies of the board and shall be authorized to vote only in cases of a tie. . . . The chairman shall have the authority, with the concurrence and approval of a majority of the members of the board, to employ all personnel and county employees and such clerical help as is necessary, in their judgment, to conduct the affairs of office properly. . . ."

Plaintiffs contend, contrary to the trial court's holding, that the hiring of a county attorney is a policy decision which can, and must, be accomplished by a majority vote of the entire Board. Pretermitting the question of whether the decision to hire a county attorney is in fact a "policy" decision, we agree with the trial court insofar as it concluded that the Board lacked the authority to "unilaterally" hire a county attorney. Section 7 clearly and unambiguously authorized the Chairman, with the approval and concurrence of a majority of the members of the Board, "to employ *all personnel* and county employees" as are deemed necessary to conduct county affairs. "Where a general term in one part of a statute is inconsistent with a more specific provision in another part, the latter must govern." (Citations and punctuation omitted.) *Undercofler v. Capital Auto. Co.*, 111 Ga. App. 709, 716 (143 SE2d 206) (1965). Hence, whether or not the decision to hire a county attorney is a policy decision, the Chairman, and not the Board, is given the power to select the person to fill that position, with the *approval of* the members of the Board. Consequently, we find no merit to this enumeration.

### Case No. A89A1747

2. We also agree, however, contrary to the Chairman's contentions in Case No. A89A1747, that the term of employment of the county attorney expired upon the expiration of the term of the Chairman and Board who appointed him. To hold otherwise would, in effect, bind all successive county commissioners and chairmen to the choice of their predecessors, until and unless the county attorney was removed for cause (see 1965 Ga. L., p. 2671, § 11) or the Chairman recommended the selection of a new county attorney.

"[T]he law prohibits a local governing authority from binding itself or its successors so as to prevent free legislation. OCGA § 36-30-3 (a). *Southern Airways v. DeKalb County*, 102 Ga. App. 850 (118 SE2d 234) (1960). *McElmurray v. Richmond County*, 223 Ga. 47 (153 SE2d 427) (1967)." *Wilson v. Southerland*, 258 Ga. 479, 480 (1) (371 SE2d 382) (1988). Thus the trial court correctly concluded that the term of the previous county attorney expired on January 1, 1990, the date the newly elected commissioners took office.

3. The Chairman also challenges the award of attorney fees in this case. In awarding $1,600 attorney fees to plaintiffs the trial court found that both sides had done an "excellent" job in representing their clients' interests and acknowledged that each side had been afforded some relief, but justified the award on the basis that a "preponderance" of relief was granted to plaintiffs. It is thus apparent from the trial court's order that no basis for the award of attorney fees exists in this case (see OCGA § 9-15-14 and OCGA § 13-6-11) and that portion of the trial court's order must be reversed.

*Judgment affirmed in part and reversed in part in Case No. A89A1747. Judgment affirmed in Case No. A89A1748. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1990 — REHEARINGS DENIED
MARCH 26, 1990 AND MARCH 28, 1990 —

*E. Freeman Leverett*, for appellants.
*R. Dale Perry, Hudson & Montgomery, James E. Hudson*, for appellees.