S90G0863. MADDEN et al. v. BELLEW et al.
(397 SE2d 687)

BENHAM, Justice.

Appellant is Chairman of the Board of Commissioners of Madison County and appellees are three commissioners. After they were elected, appellees sought the replacement of the county attorney. Appellant contended that the board could not replace the county attorney because, pursuant to Ga. L. 1988, pp. 4692, 4697, § 2, the chairman, with the concurrence and approval of a majority of the board, has authority to hire county employees. Therefore, reasoned appellant, the county attorney would remain in the county's employ until discharged for cause. However, when appellant recommended that the county attorney be retained, the recommendation was defeated. Appellees then brought this action for declaratory action and equitable relief. The trial court ruled that the county attorney's appointment had expired with the term of office of those who appointed him. The Court of Appeals affirmed that ruling, holding that the appointment of the county attorney would otherwise bind successive county commissioners to the choice of their predecessors. We granted certiorari to decide whether OCGA § 36-30-3, cited in *Wilson v. Southerland,* 258 Ga. 479 (1) (371 SE2d 382) (1988), on which the Court of Appeals relied, is applicable to counties.[1]

1. The question of whether OCGA § 36-30-3 applies to counties

---

[1] For a scholarly examination of this issue in light of the placement of OCGA § 36-30-3 in a portion of the Code reserved for "Provisions Applicable to Municipal Corporations Only," see Sentell, *Binding Contracts in Georgia Local Government Law: Configurations of Codification,* 24 Ga. L. Rev. 95 (1989).

has not been directly decided in a case involving a county, but the section and its predecessor have been applied to counties by both appellate courts of this state subsequent to the enactment of the 1982 Code. See, e.g., *Wilson v. Southerland*, supra, and *Chatham County Commrs. v. Seaboard CLR Co.*, 169 Ga. App. 607 (314 SE2d 449) (1984). In *Board of Commrs. of Chatham County v. Chatham Advertisers*, 258 Ga. 498 (2) (371 SE2d 850) (1988), we held that the contract involved would not be invalidated by the statute, but pretermitted a decision on the issue of applicability of the statute to counties.

Now, having chosen to confront the issue, we rely on an earlier pronouncement of this court on the issue. Although the case did not involve a county, this court made a general statement concerning the applicability of the rule stated in the statute: "This rule is not of statutory origin, and is not peculiar to Georgia. It is a codification of a principle stated in *Williams v. West Point*, 68 Ga. 816 [1882], which is applicable generally to legislative or governmental bodies." *Aven v. Steiner Cancer Hosp.*, 189 Ga. 126, 140 (5 SE2d 356) (1939). We hold, therefore, that the principle stated in OCGA § 36-30-3 applies to counties as fully as it applies to municipalities.

2. Having decided that issue in a manner consistent with the holding of the Court of Appeals, we nonetheless find ourselves in disagreement with that court on the resolution of the issue giving rise to the litigation, i.e., the tenure of the county attorney. The Court of Appeals held that the county attorney's employment ended with that of the commissioners who appointed him. If that were the rule generally, county governments would be subject to considerable turmoil after every election in which new commissioners were elected, and the process of employing county employees would be totally subject to the political process. We agree with the parties in this case that the county attorney was just another employee and his term of employment was at the will of the appointing authority. In the present case, the will of the authority was expressed when the commissioners voted against retaining the attorney. The chairman is given the authority to employ all personnel "with the concurrence and approval of a majority of the members of the board." When that approval and concurrence were withdrawn, the authority to employ that employee ceased. It follows, then, that the Court of Appeals erred in holding that the county attorney's employment ended on January 1, 1990, when the newly elected commissioners took office. We hold that his employment ended, instead, when a majority of the county commission withdrew approval of his employment.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 15, 1990.

*Heard, Leverett & Phelps, E. Freeman Leverett,* for appellants
*Hudson & Perry, Jim Hudson, Dale Perry,* for appellees.